OKLAHOMA ALCOHOLIC BEVERAGE
CONTROL BOARD, Appellant,

v.

John BURRIS d/b/a 71st and Sheridan
Liquor Mart, Appellee.

No. 52197.

Supreme Court of Oklahoma.

April 15, 1980.

Rehearing Denied June 30, 1980.

Larry Derryberry, Atty. Gen. of Okl., Duane Rasmussen, Asst. Atty. Gen., Danny K. Shadid, Legal Intern, Oklahoma City, for appellant.

E. John Eagleton, Kenneth M. Smith, Houston & Klein, Inc., Tulsa, for appellees.

DOOLIN, Justice:

Appellee (Burris) made request to the Alcoholic Beverage Control Board (Board) to transfer his retail liquor license to a new premises. Board approved the transfer conditioned on the removal of the "Beverage Mart" sign located on contiguous property also owned by Burris. Board indicated the large "Beverage Mart" sign indirectly attracted customer's attention to the adjacent liquor store in violation of Art. 2, Section 31(a) of the Board's Rules and Regulations.

Burris petitioned Board for a declaratory ruling as to whether the sign arrangement described above violated Board's rules and the constitution and statutes of State of Oklahoma.

After hearing, Board issued its ruling finding the signs and their arrangement were tantamount to advertising the liquor store, illegal under Oklahoma law. Board permitted Burris to continue to display the sign pending his appeal to district court pursuant to Administrative Procedures Act, 75 O.S.1971 § 301 et seq.

On appeal to the district court, it reviewed the record before Board, reversed Board's order and directed that Burris be permitted to maintain the "Beverage Mart" sign over its current location without prejudice against his license for the liquor store on the adjacent premises. The court made extensive conclusions of law summarized as follows:

1] Section 31(a) of the rules of the Board is unconstitutionally vague and overbroad

2] Findings of Board that sign violated § 3(a) was based upon insufficient evidence

3] Costs of the action should be assessed against Board

Board appeals these findings as error and we reverse.

We are not concerned here with any objection to the operation of either the liquor store or the Beverage Mart or that there is any impropriety in such an arrangement. We are concerned only with use of the sign on the front, advertising "Beverage Mart." Our reversal does not necessitate a change of operation or a license revocation. Only the sign will be illegal.

▮ The broad sweep of the twenty-first amendment to the Constitution of the United States gives the states near absolute power to regulate the liquor industry as long as they do not act in a discriminatory manner. Wide latitude as to choice of the means to accomplish regulation is accorded the state regulatory agency. This latitude may include some regulation of rights granted by other portions of the United States Constitution most notably here, first amendment freedom of speech.[1] Certainly commercial speech is afforded some first

1. *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); *Gray v. State*, 601 P.2d 117 (Okl.Cr.1979); *Hart v. Parham*, 412 P.2d 142 (Okl.1966).

amendment protection. Historically, however, a state has greater powers to regulate speech in the form of commercial advertisement than any other form. This includes time, place and manner of the advertisement, provided such regulation serves a significant governmental interest.[2] This, coupled with the broad grant of power vested in the states by the twenty-first amendment, leaves no doubt Board has the power to allow advertisement or forbid it entirely if it concerns the sale of alcoholic beverages.

No one has an absolute interest in a license to sell intoxicating liquor although its issuance is a matter of regulation as an exercise of police power and must not violate any constitutional right.[3]

■ Oklahoma's laws limit advertisement of the sale of alcoholic beverages,[4] and Board may predicate the right to a liquor license on compliance with its rules regarding advertisement. This limitation does not violate the first amendment to the United States Constitution.[5]

The law in Oklahoma is quite clear. Only the liquor store sign described in § 516 is permitted. Board under its statutory powers [6] has passed rules to insure this absolute is not circumvented by advertising on adjacent premises.

Art. 2 § 31 of Board's rules provides:

"No signs advertising alcoholic beverage shall be painted or in any manner exhibited on the interior or exterior, or in any way attached to the exterior of any building, except as provided by law for retail outlet stores.

'(a) All other signs except those permitted under Board Rules within retail stores, whether they be on the licensed premises or within the vicinity of a retail store, which signs may be calculated to, or do, directly or indirectly, attract customers to the retail outlet or call the attention of the public to a particular store, its location or prices, are prohibited. Notwithstanding that such sign be not located on the licensed retail premises, but is located on other property within the vicinity thereof, which is owned, leased, or under the control of the retailer, his employee, agent, partner, or relative within the 4th degree, such sign shall be removed."

■ The trial court found this rule to be void for vagueness, and so overbroad as to infringe on first amendment rights of those not in the liquor business. It held the phrases "within the vicinity," "which signs may be calculated to . . . indirectly attract" and "call the attention of the public" are ill defined and thus too vague to enforce. The trial court further felt the

---

**2.** *Friedman v. Rogers,* 440 U.S. 1, 99 S.Ct. 887, 59 L.Ed.2d 100 (1979); *State ex rel. Department of Transportation v. Pile,* 603 P.2d 337 (Okl.1979); *Pittsburg Press v. Pittsburg Commission on Human Relations,* 413 U.S. 376, 93 S.Ct. 2553, 37 L.Ed.2d 669 (1973).

**3.** *Brown Distributing Company v. Oklahoma Alcoholic Beverage Control Board,* 597 P.2d 324 (Okl.1979).

**4.** 37 O.S.1971 § 516 provides:
"It shall be unlawful for any person, firm or corporation to advertise any alcoholic beverages or the sale of same within the State of Oklahoma, except one sign at the retail outlet bearing the words, "Retail Alcoholic Liquor Store," or any combination of such words or any of them and no letter in any such sign shall be more than four (4) inches in height or more than three (3) inches in width, and if

more than one (1) line is used the lines shall not be more than one (1) inch apart."
Also see Constitution of State of Oklahoma Art. 27, § 5 provides in part:
". . .
It shall be unlawful for any person, firm or corporation to advertise the sale of alcoholic beverage within the State of Oklahoma, except one sign at the retail outlet bearing the words "Retail Alcoholic Liquor Store."

**5.** Also see *Oklahoma Alcoholic Beverage Control Board v. Heublein Wines, International,* 566 P.2d 1158 (Okl.1977) holding laws prohibiting advertisement of sale of alcoholic beverages do not violate *commerce clause* of the United States Constitution Art.

**6.** 37 O.S.1971 § 514.

rule was overbroad, finding a strict construction of its language might prohibit advertisement of a totally unrelated enterprise, such as a motion picture theater.

In order to escape being void for vagueness, it is not necessary that the rule set forth exact sizes and distances. Whether a sign "calls attention of the public" to the liquor store is a question of fact for the Board to decide. Inherent in the enforcement of nearly all administrative rules is an ultimate factual determination. Because there must be such a discretionary determination of fact does not make the rule unconstitutionally vague. Although the rule could be more precise, we do not find it so vague and overbroad as to require holding it to be void. Accordingly we hold the rule meets constitutional scrutiny in this respect.

We must give administrative rules as well as statutes, a sensible construction, bearing in mind the evils intended to be avoided. We cannot presume an absurd result was intended.[7] There is no question the rule was not intended to cover other types of businesses such as theaters. It contemplates only signs specifically related to the liquor industry.

There is a presumption Board's rules are reasonable, valid[8] and constitutional. Such rules may be set aside only if no grounds can be conceived to justify them.[9] Section 514 and the Oklahoma Constitution authorizes the above rule.

Board's second proposition claims trial court erred in finding Board's ruling must be reversed as unsupported by sufficient evidence.

Review of an administrative ruling by the district court provided by the Administrative Procedures Act, 75 O.S.1971 § 321, is confined to the record. Under § 322 the district court may reverse an administrative decision based on evidence only if it is "clearly erroneous in view of the reliable, material, probative and substantial competent evidence  .   .  ."[10]

As a general rule decisions of an administrative body are presumptively cor-

---

**7.** *AMF Tubescope Company v. Hatchel*, 547 P.2d 374 (Okl.1976); also see specially concurring opinion *Lowery v. Oklahoma Alcoholic Beverage Control Board*, 584 P.2d 720 (Okl. 1978).

**8.** *State v. Parham*, 412 P.2d 142 (Okl.1966).

**9.** *Stiner v. Califano*, 438 F.Supp. 796 (W.D.Okl. 1977).

**10.** 75 O.S.1971 § 322 provides in full:
(1) Setting aside, modifying or reversing of orders—Remand—Affirmance.—In any proceeding for the review of an agency order, the Supreme Court or the District or Superior Court, as the case may be, in the exercise of proper judicial discretion or authority, may set aside or modify the order, or reverse it and remand it to the agency for further proceedings, if it determines that the substantial rights of the appellant or petitioner for review have been prejudiced because the agency findings, inferences, conclusions or decisions, are:
(a) in violation of constitutional provisions; or
(b) in excess of the statutory authority or jurisdiction of the agency; or
(c) made upon unlawful procedure; or
(d) affected by other error of law; or
(e) clearly erroneous in view of the reliable, material, probative and substantial competent evidence, as defined in Section 10 of this Act, including matters properly noticed by the agency upon examination and consideration of the entire record as submitted; but without otherwise substituting its judgment as to the weight of the evidence for that of the agency on question of fact; or
(f) arbitrary or capricious; or
(g) because findings of fact, upon issues essential to the decision were not made although requested.
(2) The reviewing court, also in the exercise of proper judicial discretion or authority, may remand the case to the agency for the taking and consideration of further evidence, if it is deemed essential to a proper disposition of the issue.
(3) The reviewing court shall affirm the order and decision of the agency, if it is found to be valid and the proceedings are free from prejudicial error to the appellant. Laws 1963, c. 371 § 22.

rect and valid.[11] The trial court reviewed the record before the Board and found there was insufficient evidence to support a violation of Art. 2 § 31(a) of Board's rules. We do not agree that Board's ruling was clearly erroneous. At the hearing before Board, photographs of the premises were introduced. Testimony of the director of the Board indicated his investigation showed a violation. *Burris did not introduce any evidence to refute the violation.*

Absent such a showing Board's ruling should have been upheld. The trial court is therefore reversed in all respects and order of Board reinstated.

REVERSED.

All the Justices concur.

11. *Oklahoma Operating Company v. State Dry Cleaners Board*, 306 P.2d 295 (Okl.1957).