CITY OF SHEBOYGAN, Petitioner-Respondent,†

v.

WISCONSIN EMPLOYMENT RELATIONS COMMISSION,
Respondent-Appellant,

LOCAL 483, INTERNATIONAL ASSOCIATION OF
FIREFIGHTERS, AFL–CIO, Co-Appellant.

Court of Appeals

*No. 84–764. Argued January 30, 1985.—Decided May 8, 1985.*
(Also reported in 370 N.W.2d 800.)

† Petition to review denied.

For the respondent-appellant, there was a brief by *Bronson C. La Follette*, attorney general, and *David C. Rice*, assistant attorney general. Oral argument by *David C. Rice*. For the co-appellant, there was a brief by *Richard V. Graylow* of *Lawton & Cates*, of Madison.

For the petitioner-respondent, there was a brief by *Roger E. Walsh* and *Larry R. Jakubowski* of *Lindner, Honzik, Marsack, Hayman & Walsh, S.C.*, of Milwaukee. Oral argument by *Roger E. Walsh*.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   The issue on this appeal is whether sec. 111.77(4)(b), Stats., permits amendment of a final offer after a petition for arbitration has been filed but before the close of the Wisconsin Employment Relations Commission's (WERC) investigation when the amendment relates to an issue which was not the subject of collective bargaining negotiations prior to the filing

of the petition.[1] The circuit court reversed a WERC ruling that the statute permits such an amendment. We conclude that sec. 111.77(4)(b) allows amendment of a final offer to include a new issue. We therefore reverse the circuit court and reinstate WERC's decision.

The City of Sheboygan and Local 483, International Association of Firefighters, entered into collective bargaining negotiations in the fall of 1980. On December 17, 1980, the union filed a petition with WERC to initiate final and binding arbitration, alleging that the parties had reached an impasse in their negotiations. WERC appointed an investigator to determine whether an impasse existed. In an attempt to mediate the dispute, the investigator met with the parties on February 3, 1981 and March 19, 1981. At the February 3rd meeting, the union, for the first time, proposed that it be allowed to install and maintain bulletin boards in the fire stations. The city made a counter-offer which the union rejected. At the March 19th meeting, the union submitted its final offer, including the bulletin board proposal.

The city filed a petition with WERC requesting a declaratory ruling. The petition for arbitration was still pending, and WERC's investigation was not yet closed. WERC concluded that sec. 111.77(4)(b), Stats., permits amendment of a final offer after a petition for arbitration is filed and before the close of WERC's investigation, even if the amendment includes proposals which were not negotiated before the filing of the petition. The city sought judicial review and by an order entered on March 19, 1984, WERC's declaratory ruling was reversed. Both WERC and the union appeal from that order.

Statutory construction presents a question of law, and therefore, we owe no deference to the circuit court's con-

---

[1] We certified this question to the supreme court on March 7, 1985. The supreme court denied the certification on April 9, 1985.

struction. *Behnke v. Behnke*, 103 Wis. 2d 449, 452, 309 N.W.2d 21, 22 (Ct. App. 1981). The initial inquiry on any question of statutory construction is to the plain meaning of the statute. *State Historical Society v. Village of Maple Bluff*, 112 Wis. 2d 246, 252, 332 N.W.2d 792, 795 (1983). Resort to rules of interpretation and construction is not permitted if the statute is clear and unambiguous. *Id.* at 252–53, 332 N.W.2d at 795.

In reviewing a circuit court order reversing an order of an administrative agency, our scope of review is the same as that of the circuit court. *L & N Wrecking Co., Inc. v. Labor & Industry Review Commission*, 114 Wis. 2d 504, 508, 339 N.W.2d 344, 346 (Ct. App. 1983). While a reviewing court is not bound by an agency's conclusion on a question of law, it will sustain the agency's legal conclusion if it is reasonable, even though an alternative view may be equally reasonable. *Evans Brothers Co., Inc. v. Labor & Industry Review Commission*, 113 Wis. 2d 221, 225, 335 N.W.2d 886, 888 (Ct. App. 1983). Given these standards of review, this court reverses the order of the circuit court and reinstates WERC's decision.

The Municipal Employment Relations Act (MERA) provides that upon reaching an impasse, either party to collective bargaining negotiations may petition WERC to initiate compulsory, final and binding arbitration. Sec. 111.77(3), Stats. If it is determined that an impasse has been reached, WERC will issue an order requiring arbitration. *Id.* Section 111.77(4)(b) establishes the procedure:

The commission shall appoint an investigator to determine the nature of the impasse. The commission's investigator shall advise the commission in writing, transmitting copies of such advice to the parties of each issue which is known to be in dispute. Such advice shall also set forth *the final offer of each party as it is known to the investigator at the time that the investigation is closed. Neither party may amend its final offer there-*

*after*, except with the written agreement of the other party. The arbitrator shall select the final offer of one of the parties and shall issue an award incorporating that offer without modification. [Emphasis added.]

The circuit court determined that WERC's interpretation of the statute, allowing amendment of final offers to include new issues, would not promote good faith collective bargaining. As a result, the circuit court held that WERC's interpretation was unreasonable because it would frustrate the policy as set forth in sec. 111.70(6), Stats.[2] We disagree.

We find sec. 111.77(4)(b), Stats., clear and unambiguous. The statute permits amendment of a final offer after the petition for arbitration is filed but before the close of the investigation. Amendment of a final offer is prohibited only after the close of WERC's investigation. Section 111.77(4)(b) does not in any manner restrict the subject matter of amendments of a final offer. We conclude, therefore, that the statute allows an amendment of a final offer that injects a new issue into the negotiations.

We are persuaded that this interpretation of the statute is reasonable and consistent with the public policy of encouraging voluntary settlement through the procedures of collective bargaining. *See* sec. 111.70(6), Stats. Under the present statutory framework, it appears that

---

[2] Section 111.70(6), Stats., provides:

The public policy of the state as to labor disputes arising in municipal employment is to encourage voluntary settlement through the procedures of collective bargaining. Accordingly, it is in the public interest that municipal employes so desiring be given an opportunity to bargain collectively with the municipal employer through a labor organization or other representative of the employes' own choice. If such procedures fail, the parties should have available to them a fair, speedy, effective and, above all, peaceful procedure for settlement as provided in this subchapter.

the collective bargaining process continues after the petition for arbitration is filed and until WERC's investigation closes. Allowing new issues to be injected at this time encourages voluntary settlements through the process of collective bargaining.

The City of Sheboygan argues that the logic and rationale of the supreme court in *Milwaukee Deputy Sheriffs' Association v. Milwaukee County,* 64 Wis. 2d 651, 221 N.W.2d 673 (1974), should apply here. In that case, the supreme court addressed the issue presently before this court but construed the predecessor statute to sec. 111.77(4)(b), Stats.[3] The court held that the statute only allowed amendments which were germane to issues negotiated before the petition for arbitration was filed. We are not persuaded that *Milwaukee Deputy Sheriffs'* applies because the statute it construed has been amended to its present form. Because we find the present statute clear and unambiguous, we are obliged to construe the statute by its plain meaning. In doing so, we find *Milwaukee Deputy Sheriffs'* inapplicable.

*By the Court.*—Order reversed.

---

[3] Former sec. 111.77(4)(b), Stats. (1973), provided:

Parties shall submit their final offer in effect at the time that the petition for final and binding arbitration was filed. Either party may amend its final offer within 5 days of the date of the hearing. The arbitrator shall select the final offer of one of the parties and shall issue an award incorporating that offer without modification.