**W.C. "Dub" SEELY, Appellant,**

v.

**OKLAHOMA HORSE RACING COMMISSION, Appellee.**

**No. 64123.**

Court of Appeals of Oklahoma, Division No. 3.

Aug. 25, 1987.

S. Daniel George, Sallisaw, for appellant.

Michael C. Turpen, Atty. Gen. by F. Andrew Fugitt, Asst. Atty. Gen., Oklahoma City, for appellee.

BAILEY, Judge:

This case comes on for review of the denial of Appellant's petition for review of the Oklahoma Horse Racing Commission's (Appellee or Commission) imposition of fines and suspension of Appellant W.C. "Dub" Seely (Appellant or Seely). Seely was the trainer of two horses, Tree Lark and Shawnee Native, which ran in races at Blue Ribbon Downs on November 22nd and 29th of 1984, respectively. Each horse won its respective event and underwent urine testing immediately after the races. Urinalysis revealed that each horse had been administered the chemical substance, Lasix. Lasix is a drug used in horses denominated as "bleeders," and which may be used with permission of the Commission. However, no such permission was granted for either horse in question. The results of the testing were forwarded to the Commission, which issued a Notice of Hearing to Appellant.

At the hearing before the Stewards, it was established that urine from the two horses was taken and sealed, and transmitted out-of-state for blind testing. No evidence was introduced to show that the samples were in any way tampered with or tainted, which may have affected the results. The results of those tests revealed Lasix. Pursuant to rule, a "split sample" was submitted to another laboratory, which confirmed the presence of Lasix in the samples. At the hearing before the Stewards, and again before the Commission, Appellant, representing himself pro se, did not object to the testing procedure, or to the admission of the test results. The Stewards found that Appellant had violated the Oklahoma Horse Racing Commission Rules of Racing (hereinafter OHRC Rules of Racing), fined Appellant $1,500 per occurrence, and suspended Appellant for 120 days, the suspension to run concurrently for each violation. On appeal to the Commission, the Stewards' actions were affirmed. The Rule violated provides:

Rule 604. *Drugs or Medication.* Except as authorized by the provisions of this Article, no drug or medication shall be administered to any horse prior to or during any race. Presence of any drug or its metabolites or analogs, or any substance foreign to the natural horse found in the testing sample of a horse participating in a Commission-sanctioned race shall result in disqualification by the Stewards. When a horse is disqualified because of an infraction of this Rule, the owner or owners of such horse shall not participate in any portion of the purse or stakes; and any trophy or other award shall be returned. Oklahoma Horse Racing Commission, Rules of Racing, (Pari-Mutuel Edition), Rule 604, (June, 1986).

The Rules of Racing impose liability on the trainer of any horse testing positive for prohibited substances by establishing that a positive test is prima facie evidence that the drug was administered by or with the knowledge of the trainer, and the Rules establish permissible sanctions therefor:

Rule 902. *Trainer Responsibility.* The trainer is presumed to know the *Rules of Racing* and is responsible for the condition, soundness, and eligibility of the horses he enters in a race. Should the chemical analysis, urine or otherwise, taken from a horse under his supervision show the presence of any drug or medication of any kind or substance, whether drug or otherwise, regardless of the time it may have been administered, it shall be taken as prima facie evidence that the same was administered by or with the knowledge of the trainer or person or persons under his supervision having care or custody of such horse. At the discretion of the Stewards or Commission, the trainer and all other persons shown to have had care or custody of such horse may be fined or suspended or both. OHRC Rules of Racing supra, Rule 902.

From the imposition of fines and suspension, Appellant sought District Court review of the administrative sanctions by petition under the Administrative Procedures

Act. At hearing on Appellant's petition, Appellant, now represented by counsel, sought to introduce evidence purporting to show that the procedure for the taking of urine samples and submission of samples for analysis had not been followed, arguing that the irregularities in the testing procedure invalidated the test results. The Trial Court refused to allow introduction of the proffered evidence, as outside the record of the administrative proceedings on review, and affirmed the Commission's rulings as supported by sufficient evidence. Appellant now seeks review before this Court.

On appeal, Appellant asserts predominantly two issues: (1) the error of the Trial Court in denying the admission of additional testimony and evidence, not adduced before the Horse Racing Commission previously, purporting to show that testing procedures prescribed by the Rules of Racing were not followed, and that the Trial Court should have remanded the cause to the Horse Racing Commission for the taking of additional evidence necessary for proper disposition of the issue under the Administrative Procedures Act; and (2) that the fines and suspension were unduly harsh, and should be modified. In response, Appellee asserts that Appellant challenged only the fines and suspension as excessive before the Commission, that Appellant therefore failed to preserve the issue of testing irregularity for review, and that the fines and suspension imposed by the Commission were not arbitrary or excessive as supported by competent evidence.

Initially, we note that the Oklahoma Horse Racing Commission is a creature of statute, and "is charged by clear statutory mandate to design, create and maintain a racing program which is free of even a suggestion of corruption or dishonesty." *Oklahoma Park, Inc. v. Oklahoma Horse Racing Commission,* 716 P.2d 666 (Okl. 1986). The Commission is vested with plenary power to promulgate rules and regulations for the forceful control of race meetings in this state. 3A O.S.Supp.1983 § 203.7; OHRC Rules of Racing, supra, Rule 102; *Oklahoma Park, Inc., supra.* To effect this control, the Commission is also empowered to suspend or revoke li-

censes issued by it, and/or to impose substantial fines for the violation of the Oklahoma Horse Racing Commission's rules and regulations. 3A O.S.Supp.1983 § 204(A)(17); OHRC Rules of Racing, supra, Rules 104, 309.

Under the OHRC Rules of Racing, the Stewards constitute the first line of enforcement. The Stewards have authority to suspend and/or fine violators of the Rules. OHRC Rules of Racing, supra, Rule 408. Notice of hearing as to any alleged violation, an opportunity to be present, to testify, to present and cross-examine witnesses, and to be represented by legal counsel is accorded to all licensees. Rule 811. A decision of the Stewards may be appealed to the Commission en banc. Rules 820, 821. Decisions of the Stewards or Horse Racing Commission revoking or suspending an occupational license are reviewable under the provisions of the Oklahoma Administrative Procedures Act, 75 O.S.1981 § 301 et seq. 3A O.S.Supp.1983 § 204.3.

Thus, resolution of Appellant's first proposition of error requires that we determine whether, under the Administrative Procedures Act, the District Court of Sequoyah County could properly consider issues and evidence which were not presented to the Commission or the Stewards previously. In that regard, the scope of review under the Oklahoma Administrative Procedures Act is confined to matters of record, except where there has been some procedural irregularity in the conduct of the agency hearing:

> The review shall be conducted by the court without a jury and shall be confined to the record, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken by the court. 75 O.S.1981 § 321.

The reviewing court may remand the cause for the taking of additional testimony "if [additional testimony] is deemed essential to a proper disposition of the issue." 75 O.S.1981 § 322(1). The reviewing court is bound to affirm the agency decision and order "if it is found to be valid and the

proceedings are free from prejudicial error." 75 O.S.1981 § 322(3). The agency's inferences, conclusions, findings or decisions may be modified or reversed only if one of the requisites of § 322(1)(a)–(g) are met. 75 O.S.1981 § 322(1).

On appeal from the district court review of an agency decision, we must apply the same standards of review for error to the administrative record as does the district court. 75 O.S.1981 § 322(1) ("In any proceeding for review of an agency order, the Supreme Court or the district court, as the case may be ..."); 75 O.S.1981 § 323; Model State Administrative Procedure Act, § 16, 14 Uniform Laws Annotated 501–506 (1971), 282–291 (1987 Supp.). While we have found no Oklahoma cases which have spoken directly to the issue of the appellate standard for appeals from a district court review of an administrative decision, the courts of other jurisdictions which have adopted the Administrative Procedures Act are in agreement that appellate review is made under the same standards as that of the district court, without regard to the lower reviewing court's decision:

> "An appellate court accepting an appeal from an agency decision applies the proper standard of review directly to the record of the administrative proceedings and not to the findings and conclusions of the superior court." *Devine v. Employment Security Department*, 26 Wash.App. 778, 614 P.2d 231 (1980).

*See also, Shackford & Gooch, Inc. v. Town of Kennebunk*, 486 A.2d 102 (Me.1984); *Board of Education of Tonica Comm. High School Dist. No. 360 v. Sickley*, 133 Ill.App.3d 921, 89 Ill.Dec. 136, 479 N.E.2d 1142 (1985); *City of Sheboygan v. Wisconsin Empl. Rel. Comm.*, 125 Wis.2d 1, 370 N.W.2d 800 (App.1985); *Merged Area (Educ.) VII v. Iowa Dept. of Job Svc.*, 367 N.W.2d 272 (Iowa App.1985); *Matter of Gridley*, 345 N.W.2d 860 (S.D.1984); *Claim of Maldonado*, 5 Hawaii App. 185, 683 P.2d 394 (1984); *Atchison v. Career Service Council of Wyo.*, 664 P.2d 18 (Wyo.), *cert. den.*, 464 U.S. 982, 104 S.Ct. 424, 78 L.Ed.2d 359 (1983); 14 U.L.A. 501–506, supra, footnote 6.

■ After a review of the above authority and Oklahoma Law, we find that the application of the same standards of review by both the district court and the appellate courts has been implicitly approved by the Oklahoma Supreme Court. In *Oklahoma Alcoholic Beverage Control Board v. Burris*, 626 P.2d 1316 (Okl.1980), the Supreme Court applied the "clearly erroneous" standard of 75 O.S. § 322(1)(e) to the ABC's factual determinations, and vacated the trial court's reversal of the ABC Board decision, stating, "We do not agree that Board's ruling was clearly erroneous." 626 P.2d 1316, 1320. In that decision, the Supreme Court examined the administrative agency record and on appeal from the district court, applied the same standard of review to the agency decision on issues of fact as did the trial court. *Id.*

In a subsequent case, *Humana Hospital Corp. v. Oklahoma Health Planning Commission*, 705 P.2d 175 (Okl.1985), the Supreme Court vacated a decision of the Court of Appeals affirming the trial court's reversal of the Commission's action. In reinstating the Board's determination and denial of relief, the Supreme Court noted that:

> "The COURT OF APPEALS acted improperly in weighing the evidence. In proceedings under the Administrative Procedures Act, THE REVIEWING COURT is clearly not to engage in substituting its judgment as to the weight of the evidence for that of the agency. 75 O.S.1981 § 322(1)(e)." *Humana Hospital Corp., supra*, 705 P.2d 175, 178 footnote 6. (Emphasis Added.)

By that statement, the Supreme Court again indicated that the rules for review contained in 75 O.S. § 322 are to be applied by both the district court in the first instance and by Courts of Appeal or the Supreme Court in subsequent appeals. The equation of "Court of Appeals" with "reviewing court" in *Humana Hospital Corp., supra*, leaves us with no other conclusion when that decision, that of *ABC v. Burris, supra*, and those of other APA jurisdictions are taken in toto. We therefore hold that the standards of review contained in 75 O.S.1981 § 322(1)(a–g) are to

be applied directly to the agency decision by the reviewing court, the district court or the appellate courts "as the case may be." 75 O.S. § 322(1), supra.

 Under these rules, we cannot say that the Sequoyah County District Court erred in denying admission of Appellant's tendered evidence of testing irregularities, or in refusing to remand the Appellant's case for the taking of further testimony. Clearly, the only issue raised by Appellant before the Commission on review of the Steward's actions was the propriety of the fines and suspension imposed. As has been noted, the Trial Court may not adjudicate issues which are not presented by the record. *Ricks Exploration Co. v. Oklahoma Water Resources Board*, 695 P.2d 498 (Okl.1984). In *Ricks*, the Supreme Court found that the district court had exceeded its statutory authority by determining a controversy as to the validity of certain Water Resources Board rules which issue was not properly before the court on the record. As Justice Opala pointed out:

> "... the journal entry of judgment reflects that the issues adjudicated by the trial judge ... were broader than those raised by the record. THE VALIDITY OF THE BOARD'S RULES WAS NOT RAISED AS AN ISSUE BEFORE THE AGENCY and [correspondence] from the general counsel to Ricks could not make it an issue. In an individual proceeding issues are formed by the instruments filed by the parties or by the evidence adduced. When issues adjudicated in a [75 O.S.1981] § 318 appeal are broader than those presented to the agency, the district court's action operates to invade the forbidden arena of the [agency's] original cognizance." *Ricks Exploration Co., supra*, 695 P.2d 498, 502. (Emphasis added.)

Thus, and as Appellant did not raise the issue of testing procedure irregularities before the Commission, any action the Sequoyah County District Court MAY have taken with regard to Appellant's allegations would have been CLEARLY outside the scope of review and the district court's jurisdiction. We again note that the reviewing court's decision to remand for fur-

ther proceedings is purely discretionary. 75 O.S.1981 § 322(1), supra. We therefore find that the OHRC decision was not clearly erroneous under substantial evidence, nor arbitrary or capricious under 75 O.S. § 322(1)(e) or (f), supra. Finding no abuse of discretion by the District Court, and considering the holding of *Ricks, supra,* we find Appellant's first proposition of error without merit.

 We also note that as an ancillary issue to Appellant's first allegation of error, Appellant asserts that the Rules of Racing imposing liability on the trainer for foreign substances detected in horses under his care is in violation of Appellant's constitutional due process rights, as making Appellant an "absolute insurer" of the horse's condition. He cites numerous cases from other jurisdictions which have sustained constitutional attacks on such an imposition of strict liability. However, we find those cases clearly distinguishable from the case before us, as those cases involved horse racing rules which imposed strict liability on the trainer without regard to any proof to the contrary of trainer's culpability. *See, Paoli v. Baldwin,* 159 Fla. 165, 31 So.2d 627 (1947); *Brennan v. Illinois Racing Board,* 42 Ill.2d 352, 247 N.E.2d 881 (1969); *Battles v. Ohio State Racing Commission,* 12 Ohio App.2d 52, 230 N.E.2d 662 (1967). The rule in question, Rule 902, does not impose strict liability on the trainer for the condition of his horses, but establishes that positive drug tests constitute "prima facie" evidence that a foreign substance was administered by, or with the knowledge of the trainer. This type of rule, which allows a trainer to introduce evidence to rebut the prima facie case, is not violative of the due process clause. *See,* 52 A.L.R.3d 206; *Harbour v. Colorado State Racing Commission,* 32 Colo.App. 1, 505 P.2d 22 (1973); *Barry v. Barchi,* 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979). Indeed, even the absolute insurer rule has withstood constitutional challenge, the courts reasoning that the protection of the public welfare and strict regulation of the horse racing industry justified imposition of strict liability on

the trainer in cases such as this. *See, Sandstrom v. California Horse Racing Bd.*, 31 Cal.2d 401, 189 P.2d 17, 3 A.L.R.2d 90 (1948); *Sanderson v. New Mexico State Racing Comm.*, 80 N.M. 200, 453 P.2d 370 (1969); *State ex rel. Morris v. West Virginia Racing Comm.*, 133 W.Va. 179, 55 S.E.2d 263 (1949). Under these cases and authority, we hold that the rule recognizing positive drug tests as prima facie evidence of trainer's participation in unsanctioned drug administration is not violative of the due process clause, as trainer may produce evidence to rebut his culpability established by rule. There was thus no constitutional deprivation, no excess of statutory authority, or other error of law entitling Appellant to relief under 75 O.S.1981 § 322(1)(a), (b) or (d), and we accordingly reject this allegation of error.

▪ Appellant asserts as his second proposition of error that the fines and suspension imposed by the Stewards, and upheld by the Commission, were unduly harsh and should be modified. Appellant forwards no authority in support of this allegation. *See, e.g., Paris Bank of Texas v. Custer*, 681 P.2d 71 (Okl.1984); *Horst v. Sirloin Stockade*, 666 P.2d 1285 (Okl.1983). We note, however, that the fines and suspension imposed are well within the limits set forth by rule and statute. *See,* OHRC Rules of Racing, Rule 104; 3A O.S.Supp. 1983 § 204, Subd. A (17). We accordingly reject Appellant's second allegation of error.

The order of the Trial Court denying admission of Appellant's proffered evidence, refusing to remand for the taking of further evidence, and confirming the actions of the Oklahoma Horse Racing Commission is therefore AFFIRMED.

HANSEN, P.J., specially concurs.

HUNTER, J., concurs.

HANSEN, Presiding Judge, specially concurring:

The majority's decision and explanation of the law as it stands is clearly correct. The standards of the "second" appellate review provided by the Administrative Procedures Act and explained in the majority's opinion, in effect, neutralizes the appellate review by the district court. A more viable standard of review is expressed by Justice Wilson in her dissent in *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okla. 1984). In my opinion, our review should also address the issue of whether the district court's review was in compliance with its statutory standards. If the district court has not followed its statutorily mandated standard of review, is not its decision erroneous as a matter of law?