1997 OK CIV APP 83

1997 OK CIV APP 83

**OKLAHOMA CORPORATION COMMISSION,**
Petitioner/Appellant/Cross–Appellee,

v.

**Ralph A. BAUER,**
Respondent/Appellee/Cross–Appellant,

**The Merit Protection Commission,**
Defendant.

**No. 86977.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 25, 1997.

---

Rachel Lawrence Mor, Jana Harris, Thomas Tucker, Oklahoma Corporation Commission, Oklahoma City, for Petitioner/Appellant/Cross–Appellee,

Fred Southern, Oklahoma City, for Respondent/Appellee/Cross–Appellant.

JOPLIN, Judge:

¶ 1 The Oklahoma Corporation Commission (OCC) seeks review of the trial court's order affirming the decision of the Administrative Law Judge (ALJ) of the Merit Protection Commission (MPC) finding that OCC arbitrarily, capriciously, and wrongfully demoted Ralph A. Bauer (Employee), and reinstating Employee to his former grade/position. In this appeal, OCC contends its actions vis-a-vis Employee were in conformity with the law and rules concerning employee reallocation and demotion, and that the MPC (and, subsequently, the trial court) exceeded its authority in ordering OCC to reinstate Employee. Employee cross-appeals the denial of his full prayer for attorney fees below. Finding no reversible error, we affirm the trial court's order.

¶ 2 Employee worked for OCC in several different capacities, achieving the class of Administrative Officer II. As such, Employee could and did fill a number of different positions within OCC. However, Employee complained to MPC on several occasions regarding OCC's allocation of his class and position. Subsequently, OCC submitted the requisite documents to the Office of Personnel Management (OPM) to determine allocation or reallocation of Employee's class/position. OPM originally reallocated Employee to a Senior Public Utility Specialist then to a Public Utility Specialist after OCC had changed Employee's duties to those of a public utility specialist. OCC then exercised its option to demote Employee to Public Utility Specialist, resulting in a drop of 14 grades from that of Administrative Officer II and a decrease in annual salary of approximately $9,000.00.

¶ 3 Employee appealed his demotion to the MPC on the grounds OCC's actions were arbitrary and capricious. After hearing, the ALJ agreed, specifically finding, inter alia:

OCC had Administrative Officer II positions available to which Employee could have been transferred without loss in pay or class,

OCC's practice has been to minimize salary loss to demoted employees,

No other OCC employee had ever experienced the severity of pay and class loss as Employee,

The decision of OCC to demote Employee so severely was made without the advice—or contrary to the advice—of OCC's Personnel Director, Senior Personnel Officer, nor were the procedures of OCC's Human Resources Department followed,

Had the internal personnel resources of OCC with expertise in the area of employees been utilized vis-a-vis Employee's situation, "this entire matter could have been fairly and equitably resolved."

The ALJ concluded that OCC's actions "can only be deemed arbitrary, capricious, and frivolous, wasting not only the time and obvious expense of the OPM but that of [OCC] and [MPC]," ordering Employee reinstated and awarding Employee limited attorney fees. OCC appealed to the trial court which found "ample" evidence to support the MPC's order and affirmed Employee's reinstatement to his previous grade/position but denied Employee's request for additional attorney fees. Both parties appeal.

¶4 OCC argues its demotion of Employee merely resulted from following OPM's reallocation of Employee's position and, as such, consistent with MPC rules. In this regard, MPC Rule 530:10–5–91 provides as follows:

**Other position reallocations**

(a) If a position is reallocated ... and the class of an incumbent employee does not match the new allocation of the position, the Appointing Authority must take action within 60 calendar days after the effective date of the final allocation to ensure that the employee is properly classified. The Appointing Authority may:

(1) transfer a permanent employee in-class to another position in the agency allocated to the class matching the classification of the employee in accordance with the Merit Rules governing in-class transfers; or

(2) change the duties of the position to the extent necessary to reflect the classification of the employee and initiate another audit of the positions; or

(3) reclassify a permanent employee to the class to which the position occupied by the employee was reallocated in accordance with the merit rules governing promotions, demotions and in-class transfers; ...

Stated otherwise, OCC had the option to place Employee in a vacant Administrative Officer II position, change the duties of the position to reflect Administrative Officer II classification held by Employee and seek reaudit, or demote Employee. However, the record clearly shows that OCC in the past had generally chosen the option impacting its employees the least, and OPM's audit and reallocation of Employee's position subsequent to Employee's transfer by OCC to the duties of a public utility specialist in no way directed or even suggested a demotion or affected OCC's ability to implement an option less severe than demotion. Considering OCC's history of choosing the option having the least impact on its employees, and considering the ALJ's findings that OCC decided to demote Employee either without or contrary to the advice of its own personnel director and apparently contrary to its own Human Resources Department procedures, we accordingly reject this argument.[1]

¶5 An order of an administrative agency may not be disturbed unless erroneous under 75 O.S.1981 § 322. On appeal from an administrative decision, the appellate courts, whether the District Court, the Court of Civil Appeals or the Supreme Court, apply the same standards of review directly to the administrative record. 75 O.S.1981 § 322(1); *Seely v. Okla. Horse Racing Commission*, 1987 OK CIV APP 61, 743 P.2d 685, 689.

¶6 In the present case, Employee availed himself of MPC rule 455:10–3–7 regarding appeals of demotions. That rule provides:

(a) Involuntary demotion—position audit. In appeals from involuntary demotions occurring after a position has been audited

---

1. We also hold this analysis dispositive of OCC's argument that the MPC lacked jurisdiction to "order" OCC to "ignore OPM's reallocation and the applicable law," further finding no factual basis in the record for this assertion.

by the Office of Personnel Management, *the issue shall be limited to the action of the appointing authority. No hearing will be scheduled unless an investigation by the [MPC] indicates the decision of the agency to demote the employee was arbitrary in lieu of other options* or for disciplinary reasons.

(Emphasis added.) Further, MPC rule 455:10-5-5 requires such cases to be decided by a preponderance of the evidence, and the burden of proof is on the appointing authority, in this case OCC.

¶ 7 At the conclusion of hearing, the ALJ specifically found OCC's course of conduct up to and including Employee's demotion arbitrary, capricious, and frivolous. We have reviewed the record and cannot say this conclusion is erroneous under any of the grounds set out in 75 O.S.1991 § 322. Accordingly, the trial court's order affirming the order of the MPC reinstating Employee to his former grade/position is affirmed.

¶ 8 Finally, Employee challenges the denial of attorney fees incurred pursuing his prior complaints to MPC, although Employee was awarded attorney fees for the instant MPC complaint. In this regard, the record reflects OCC sought judicial review of this matter on August 2, 1995, within thirty days of the MPC order of July 3, 1995. The MPC issued an Addendum Order on August 15, 1995 awarding Employee some but not all of his requested attorney fees. On August 25, 1995, OCC amended its petition for review to challenge the award of attorney fees, and Employee filed his petition for review of the same order on September 25, 1995.

¶ 9 A party aggrieved by an MPC decision must *in all instances* file a petition for judicial review in the district court within thirty days of that decision pursuant to 75 O.S.1991 § 318(B)(2). We find no authority for Employee's assertion that he is allowed forty days in which to file a "cross-appeal" when seeking judicial review of an agency order in the district court as opposed to this Court. We therefore decline to review or disturb the MPC order awarding limited attorney fees to Employee.[2] Finally, Employee's request for attorney fees in this review is denied.

¶ 10 The order of the trial court is therefore AFFIRMED.

HANSEN, P.J., and BUETTNER, J., concur.

---

**2.** Although it is unclear to which review proceeding Employee refers, he apparently also challenges the trial court's refusal to award "appeal-related" attorney fees for defending himself against OCC's actions. However, such award is entirely discretionary with the trial court. 75 O.S.1991 § 318(D)(2). Finding no abuse of that discretion, we reject this proposition.