2003 OK CIV APP 76

In The Matter of the Application for a PERMIT TO DEVELOP AN ABSTRACT PLANT OF LeFLORE TITLE COMPANY, INC.,

LeFlore Title Company, Inc., Petitioner/Appellee,

v.

Clifton Scott, Auditor and Inspector for the State of Oklahoma; and Adams Abstract Company, Inc., Respondents/Appellants.

No. 96,948.

Court of Civil Appeals of Oklahoma, Division No. 4.

Aug. 26, 2003.

Michael J. Masterson, Wilburn & Masterson, Tulsa, OK, for Appellee.

Scott D. Boughton, Assistant Attorney General, Oklahoma City, OK, for Appellant, Clifton Scott, Auditor and Inspector for the State of Oklahoma.

Joe M. Fears, Barber & Bartz, Tulsa, OK, for Appellant, Adams Abstract Company, Inc.

Opinion by JERRY L. GOODMAN, Presiding Judge.

¶1 State Auditor and Inspector Clifton Scott and Adams Abstract Company appeal the trial court's October 9, 2001, decision ordering the State Auditor to issue a permit to LeFlore Title Company for construction of an abstract plant. Because the trial court reached the correct result in requiring the issuance of the permit, we affirm.

## BACKGROUND—THE OKLAHOMA ABSTRACTORS LAW

¶2 Anyone wishing to produce abstracts and otherwise engage in the business of abstracting in Oklahoma must obtain authorization to do so pursuant to the Oklahoma Abstractors Law, 74 O.S.2001 and Supp.2002 §§ 227.10 through 227.30. Two separate authorizations are required: a permit, which is defined as the authorization to build an abstract plant, *see* § 227.11(4); and a certificate of authority, which is defined as the authorization to engage in the business of abstract-

ing, *see* § 227.11(3). Authorization in both cases comes solely from the State Auditor and Inspector. *See* § 227.12(A).

¶ 3 An abstract plant is a set of records with entries made of all documents filed in the offices of the county clerk and court clerk which legally impart constructive notice of matters affecting title to, interest in, and encumbrances upon real property within that particular county. *See* § 227.11(2); *Abstracts of Oklahoma, Inc. v. Payne County Title Co.,* 1992 OK 13, n. 1, 825 P.2d 1334. To develop an abstract plant requires the permit, which involves submitting a form, a fee, and a bond. *See* § 227.21. To engage in the business of abstracting requires a certificate of authority, which involves submitting a separate form, fee, and bond. *See* § 227.14(A).

¶ 4 The permit must be obtained first. *Arbuckle Abstract Co. v. Scott,* 1998 OK 125, ¶ 12, 975 P.2d 879, 885. It can be renewed annually where the permit holder has not completed development of an abstract plant. *See* § 227.21. After completion of the abstract plant and compliance with the statutes, the permit holder can obtain the certificate of authority needed to engage in the business of abstracting. *Id.*

## PROCEDURAL HISTORY

¶ 5 LeFlore Title filed an application with the State Auditor for a permit to build an abstract plant in LeFlore County. Adams Abstract, which holds a certificate of authority and engages in the business of abstracting in that county, filed an objection.

¶ 6 Two issues developed over the course of the proceedings. The first was whether the county court clerk's books and records were sufficiently complete to allow LeFlore Title to build the abstract plant. Adams Abstract asserted they were not, due to a number of missing files and to conditions at a former hotel where a number of files were stored. LeFlore Title disagreed, asserting that the court clerk maintained listings and indexes for all court orders and every instrument in any missing file.

¶ 7 The second issue was whether the first issue needed to be determined at this stage

of the proceedings or in the second, certificating stage of the administrative process. Initially, a panel appointed by the State Auditor found that the clerk's records were not so defective as to preclude the issuance of the permit, and recommended the permit be granted. The State Auditor agreed and granted the permit, but then granted a rehearing and appointed a second panel.

¶ 8 This second panel found that it was not necessary to resolve the issue of the records' completeness, because the statute dealing with the permit had no such requirement. The panel reasoned that the two-step process for ultimately obtaining authority to issue abstracts does not involve the issue of completeness until the applicant reaches the second stage, where the application for the certificate of authority is made. The panel recommended the permit be granted, but with cautionary language that no decision as to the certificate of authority was being made and that should LeFlore Title proceed to build an abstract plant, "it does so at its own risk."

¶ 9 The State Auditor disagreed with the panel and denied the permit application. The Auditor based his decision on his conclusion that the court clerk's records and files were incomplete.

¶ 10 LeFlore Title then filed a petition for review in district court. Following a hearing, the trial court reversed the State Auditor's decision and ordered him to issue the permit. The trial court found that the State Auditor's finding that the clerk's records were incomplete was clearly erroneous. From the trial court's judgment, the State Auditor and Adams Abstract appeal.

## STANDARD OF REVIEW

■ ¶ 11 The same standards of review apply to both the trial court and the appellate courts when making determinations on appeal from an administrative agency ruling. *Seely v. Okla. Horse Racing Comm'n,* 1987 OK CIV APP 61, ¶ 10, 743 P.2d 685, 689–90. An agency's adjudicative order will be affirmed if the record contains substantial evidence in support of the facts upon which the decision is based, and if the order is other-

wise free of error. *City of Hugo v. State ex rel. Pub. Employees Relations Bd.*, 1994 OK 134, ¶ 9, 886 P.2d 485, 490. However, an administrative order is subject to reversal if an appealing party's substantial rights are prejudiced because the agency's decision is entered in excess of statutory authority or jurisdiction, or if an order is entered based on an error of law. Title 75 O.S.2001 § 322(1)(b) and (d); *City of Tulsa v. State ex rel. Pub. Employees Relations Bd.*, 1998 OK 92, ¶ 12, 967 P.2d 1214.

## ANALYSIS

■ ¶ 12 For the following reasons, we agree with the conclusion reached by the second panel that the sufficiency of the court clerk's records is not a factor in determining whether to issue a permit. It certainly is a factor regarding issuance of a certificate of authority, but that is a different matter. Therefore, because the State Auditor's order was based on an error of law, the trial court's decision reversing the State Auditor's order shall be affirmed. Though the trial court did not reach its result based on this reason, the matter was raised below, and the appellants do not assert it is improper for us to consider it here.

¶ 13 To obtain a certificate of authority is to complete the second step in the process of authorization to engage in the business of abstracting. Section 227.14 sets out the procedure for doing so. It is entitled, "Application for certificate of authority—Fee—Bond—Proof required." Subsection (A) requires the application to contain "such information as may be necessary to determine whether or not the applicant has complied with the provisions of the Oklahoma Abstractors Law."

¶ 14 That information includes this requirement set out in subsection (B):

The applicant shall furnish proof to the State Auditor and Inspector that there is an abstract plant available for use for each county for which abstracts will be prepared. . . .

¶ 15 Section 227.14, then, clearly contemplates that it is at this point—when the application for the certificate of authority is pend-

ing—that the matter of whether an abstract plant is available should be determined by the State Auditor. Whether the court records are sufficiently complete is a factor to consider in making that determination.

¶ 16 Obviously, there can be no such requirement in obtaining the permit, because the permit is necessary before the applicant can attempt to develop the abstract plant. Section 227.21, which sets out the process for obtaining a permit, is entitled "Development of abstract plant—Permit." The only language in this statute similar to § 227.14's language concerning compliance with the Oklahoma Abstractors Law is found in its concluding sentence, "The permit holder shall comply with the provisions of the Oklahoma Abstractors Law to obtain a certificate of authority *after completion* of the abstract plant." (Emphasis added.)

¶ 17 The Legislature chose to use the words "develop" regarding the permit and "complete" regarding the certificate of authority. The permit allows the applicant to *develop* the abstract plant. Only if the development is successful to the point of being *complete* can the applicant receive a certificate of authority. Simply put, this language indicates a permit is to be granted in order for the applicant to attempt to successfully develop an abstract plant. If the attempt fails and the plant is not developed to the point of completion—possibly due to the incompleteness of the county's records—then one of the requirements for obtaining the certificate of authority is not fulfilled. Whether it is fulfilled is to be determined in the context of obtaining the certificate, not obtaining the permit.

¶ 18 While there is no authority directly on point, there are several Oklahoma cases involving applicants in the process of obtaining authority to engage in the business of abstracting. In *Arbuckle Abstract Co. v. Scott*, 1998 OK 125, 975 P.2d 879, the Supreme Court noted that the State Auditor clearly possessed initial authority to consider the completeness of court records, though at what stage of the administrative process he could do so was not at issue.

¶ 19 In *Abstracts of Oklahoma, Inc. v. Payne County Title Co.*, 1992 OK 13, 825

P.2d 1334, the State Auditor had granted the applicant a permit, and a competitor sought to revoke it. The State Auditor found that due to a 1894 courthouse fire, Payne County's offices did not contain all the entries for, or copies of, all documents and instruments affecting real property. The State Auditor then concluded that while he would not revoke the existing permit, he would not renew it nor would he grant a certificate of authority until the county's records were complete.

¶ 20 The trial court set aside the State Auditor's decision, and the Supreme Court affirmed on the grounds that the State Auditor's decision was premature. The Court noted that as long as applicants comply with the law, "they are entitled to continue compiling an abstract plant pursuant to a permit which has not expired or been revoked. When such compilation is completed, they may apply for a certificate of authority." *Id.* at ¶ 23, 825 P.2d at 1340. The Court concluded:

> Although we do not at this time determine whether the missing records are grounds for refusing issuance of a certificate of authority, we hold that they are not grounds to refuse renewal of a permit to compile an abstract plant until [the applicant] applies for such renewal. *Id.* at ¶ 25, 825 P.2d at 1340.

¶ 21 The Court did not reach the issue of whether the State Auditor could reject a permit application if he concluded the records were incomplete. It is possible to interpret the Court's language to mean he could do so when it came time for renewal, and thus could do so before initially granting a permit application. However, given the gist of the decision and the wording of the statutes, it seems most likely that in the instant case the Supreme Court would hold that the Legislature intended that the applicant be given a chance to develop the abstract plant, with the impact of missing records to be considered in determining whether the development successfully reached the point of completion. The sufficiency of the records is to be considered at that point, and not in determining whether to issue the permit.

## CONCLUSION

 ¶ 22 We follow a long-standing rule that a correct decision arrived at on the basis of wrong reasons or an incorrect theory will not be reversed. *State v. Landess,* 1955 OK 148, ¶ 8, 293 P.2d 574, 577. The trial court reached the correct result in ordering the State Auditor to issue the permit to LeFlore Title Company, though not for the reason it gave. We express no opinion as to the reason given by the trial court, as it is unnecessary to do so at this stage of the proceedings.

¶ 23 AFFIRMED.

REIF, J., and RAPP, J., concur.