[No. 7685-0-I. Division One. July 14, 1980.]

DIANE T. DEVINE, *Respondent,* v. THE DEPARTMENT OF EMPLOYMENT SECURITY, *Appellant.*

*Slade Gorton, Attorney General,* and *John M. Sells, Assistant,* for appellant.

*Randy Beitel* and *Ada Shen–Jaffe* of *Evergreen Legal Services,* for respondent.

DORE, J.—The Employment Security Department of the State of Washington (ESD) appeals from the Snohomish County Superior Court's reversal of the ESD Commissioner's dismissal of claimant's eligibility for unemployment benefits.

## ISSUES

1. What is the proper standard when reviewing a decision of the Commissioner of the ESD?

2. Has claimant shown "good cause" for her failure to timely file her administrative appeal?

## FACTS

On June 13, 1976, the claimant applied for unemployment compensation. A determination notice was mailed to her on July 27, which denied her benefits based upon her failure, without good cause, to accept an offer of suitable work. On the notice was a conspicuous paragraph which indicated that an appeal of the decision had to be filed within 10 days (*i.e.,* by August 6).

Upon reading the determination notice, the claimant did not notice the language instructing her as to the appeal

deadline. She telephoned her union shop steward for information and was told that the union's business representative would contact her about her appeal and tell her what to do. On August 8 (the day the appeal was due) the business representative contacted the claimant and advised her that she should file an appeal.

On August 9, 1 day late,[1] the claimant filed her appeal to the appeal tribunal of the ESD, which conducted a de novo hearing on April 8, 1977. The tribunal dismissed her appeal on the ground that she failed to show good cause for filing the appeal beyond the 10–day period. The Commissioner of the ESD affirmed the decision of the appeal tribunal after a review of the entire record. Claimant appealed the Commissioner's decision to the Snohomish County Superior Court which reversed the Commissioner's decision and remanded to the ESD for a decision on the merits.

The claimant had received unemployment benefits previously but had no previous experience with disallowed benefits, or with administrative/judicial hearings or procedures.

ISSUE 1: The proper standard is "error of law."

Judicial review of a final decision by the ESD Commissioner is allowable if the procedural requirements of RCW 34.04.130 are met. RCW 50.32.120. RCW 34.04.130(5) describes the review proceeding. RCW 34.04.130(6) authorizes the court to affirm, remand or reverse for specific reasons set forth in subsections (a) through (f). Reversal may be proper if the administrative agency's findings, conclusions, inferences or decisions, *inter alia,* are: in error of law (subsection (d)), clearly erroneous (subsection (e)), or arbitrary or capricious (subsection (f)). The ESD contends the correct standard of review is either the clearly erroneous standard or the arbitrary and capricious standard. The claimant contends that the correct standard is error of law. The trial court applied the clearly erroneous standard.

---

[1]August 6, the date the appeal period ran, was a Friday. The claimant filed her appeal on August 9 (Monday), the next possible business day. The weekend days are not counted as late days.

■ The determination of the proper standard is hinged on whether the question presented for review is one of fact, one of law, or a hybrid mix. For mixed questions of law and fact or pure questions of law, the correct standard on review is error of law. *Department of Revenue v. Boeing Co.,* 85 Wn.2d 663, 667, 538 P.2d 505 (1975). Under that standard, the court exercises its inherent and statutory authority to make a de novo review of the record independent of the agency's actions. *Daily Herald Co. v. Department of Employment Security,* 91 Wn.2d 559, 588 P.2d 1157 (1979).

In the subject case, no questions of fact are at issue. The ESD assigns errors only to certain conclusions of law. The 10–day appeal deadline may be waived if good cause is shown. RCW 50.32.075. The determination of whether the acts of claimant constituted "good cause" is a mixed fact/law question. The proper standard for the court is the error of law standard found at RCW 34.04.130(6)(d).

■ The trial court's use of the wrong standard has no effect on this court. "An appellate court accepting an appeal from an agency decision applies the proper standard of review directly to the record of the administrative proceedings and not to the findings and conclusions of the superior court." *Brandley v. Department of Employment Security,* 23 Wn. App. 339, 342, 595 P.2d 565 (1979).

ISSUE 2: Claimant showed good cause for her failure to make a timely appeal.

RCW 50.32.075, which authorizes the Commissioner or appeal tribunal to waive the time limitations for filing an appeal, was added by the legislature in 1975. The prior provision made no allowance for waiving the 10–day deadline.

■ The Commissioner adopted the test used in California and articulated in *Gibson v. Unemployment Ins. Appeals Bd.,* 9 Cal. 3d 494, 509 P.2d 945, 108 Cal. Rptr. 1 (1973), in his decision in In re Beaughan, Comm. Dec. 1295 (1975). *Gibson* and Beaughan establish three factors which

are to be considered in determining whether good cause is shown for the late filing of an appeal: (1) the shortness of the delay, (2) the absence of prejudice to the parties, and (3) the excusability of the error.

Applying the *Gibson*/Beaughan criteria to the subject case, the following is shown: (1) the 1–day delay was not excessive, (2) no prejudice to either party has been shown or asserted, and (3) the claimant acted reasonably by consulting her shop steward and waiting for the business representative to contact her.

The ESD insists it was inexcusable that the claimant only read the substantive portion of her determination notice, and not the warning which would have alerted claimant of the time limitation.

In *Gibson* and Beaughan, each of the claimant's attorneys was allowed to explain the reason for the delay. In the subject case, no testimony was given as to why (or whether) the shop steward delayed in contacting the business representative, or why (or whether) the business representative delayed in contacting the claimant. It is uncontroverted, however, that the claimant contacted her shop steward the same day she received the determination notice and was told that the business representative would contact her and tell her what to do.

The preamble to the unemployment compensation act, RCW Title 50, stated that "[t]he legislature . . . declares . . . that this title shall be liberally construed for the purpose of reducing involuntary unemployment and the suffering caused thereby to the minimum." RCW 50.01.010. In light of this clear legislative intent, as well as the ESD's own criteria, the claimant should be allowed to have her case heard upon the merits.

We affirm.

JAMES, A.C.J., and SWANSON, J., concur.