[Nos. 48434–1, 48470–8.   En Banc.   February 17, 1983.]

PATRICIA K. RASMUSSEN, *Petitioner*, v. THE
DEPARTMENT OF EMPLOYMENT SECURITY,
*Respondent.*

ROBERT D. BAUER, *Appellant*, v. THE DEPARTMENT
OF EMPLOYMENT SECURITY, *Respondent.*

*Lawrence A. Weiser* of *University Legal Assistance,* for petitioner and appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Margaret A. Gaffney, Assistant,* for respondent.

CUNNINGHAM, J.*—In these consolidated cases, petitioner and appellant seek review of an agency decision terminating their appeals from denial of unemployment benefits. The Department of Employment Security, the Superior Court and the Court of Appeals each found that good cause did not exist to excuse the untimely filing of their notices of appeal. For the reasons set out below, we affirm.

Although the facts from which the controversies arise in these cases are slightly different, both cases concern the 10-day appeal period for denial of unemployment benefits.

RASMUSSEN V. DEPARTMENT OF EMPLOYMENT SECURITY

During the 1978–79 school year Patricia Rasmussen worked for the Spokane School District as a tutor in the Indian Education Program. The funding for the program runs out each year. In the spring of 1979, Rasmussen

---

*Judge D. J. Cunningham is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. 4, § 2(a) (amend. 38).

received notification that she would be employed in the fall if the program continued. Nevertheless, at the close of the school year, Rasmussen filed for unemployment benefits. On June 26, 1979, she was notified, by letter, that her application for benefits was denied. The notice stated in bold type that the "Determination Notice is final unless an appeal is filed in writing *within ten days*". (Italics ours.) Clerk's Papers, at 5. The 10-day period ended on Friday, July 6. Petitioner Rasmussen filed her appeal on July 9, 13 days after June 26. The appeal tribunal dismissed the appeal as untimely. The Commissioner of the Department of Employment Security subsequently upheld that dismissal. The Commissioner found that petitioner had failed to show good cause for her late appeal. Petitioner's excuse for the untimely filing was twofold: (1) she wanted to talk to other people who had also been denied benefits about what they were going to do and how to write up the appeal; (2) she thought she had 10 *working* days from the date of notice. The Superior Court affirmed the Commissioner's ruling, as did the Court of Appeals.

BAUER V. DEPARTMENT OF EMPLOYMENT SECURITY

Appellant Robert Bauer's case presents a similar problem. During 1980, Bauer was employed by Spokane County Engineers, first as a weedsprayer. After the eruption of Mount St. Helens, the ash fallout started to aggravate Bauer's preexisting allergies. When his transfer to a truck driving position failed to alleviate his symptoms, he voluntarily quit his job as of September 5, 1980. On June 26, 1981, the Department of Employment Security sent Bauer a determination notice which informed him that he was ineligible for benefits. The notice contained the same statement concerning the 10-day appeal period as that contained in the Rasmussen case. Bauer received his notice on July 3, 1981, just 3 days before the time limit was to expire.[1]

---

[1] No explanation was offered for the fact that 7 days elapsed between the Department's mailing of the notice and its receipt by Bauer.

Bauer filed his appeal on July 15, 1981, 8 days after the time limit had run, and 12 days after he had received the notice. The appeal tribunal dismissed the appeal as untimely. The Commissioner affirmed the dismissal, as did the Superior Court. The Commissioner held that Bauer had failed to show good cause for the untimely appeal. Bauer, like Rasmussen, gave two reasons for the delay: (1) he believed he had 10 working days to appeal, and (2) he was in the process of investigating his right to appeal during the additional time. As these arguments are virtually identical to those raised by Rasmussen, the cases were consolidated.

The sole issue raised by these consolidated cases is whether the Department of Employment Security erred in finding that good cause did not exist to excuse these untimely appeals. We hold that it did not err.

Initially, the scope of this court's review must be defined. Administrative proceedings of the Department of Employment Security are reviewed by the courts under the provisions of the administrative procedure act, RCW 34.04. *Kenna v. Department of Empl. Sec.*, 14 Wn. App. 898, 905, 545 P.2d 1248 (1976). RCW 34.04.130(6) sets out the standards for review. It provides:

> (6) The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
> (a) in violation of constitutional provisions; or
> (b) in excess of the statutory authority or jurisdiction of the agency; or
> (c) made upon unlawful procedure; or
> (d) affected by other error of law; or
> (e) clearly erroneous in view of the entire record as submitted and the public policy contained in the act of the legislature authorizing the decision or order; or
> (f) arbitrary or capricious.

The determination of the proper standard rests upon whether the question presented for review is one of fact, one of law or a mixed question of law and fact. For the

latter two questions, the correct standard on review is the "error of law" standard. *See Department of Rev. v. Boeing Co.,* 85 Wn.2d 663, 666–67, 538 P.2d 505 (1975). Division One of the Court of Appeals has held that the issue of whether good cause exists to excuse untimely appeals presents a mixed question of law and fact reviewable under the "error of law" standard. *Devine v. Department of Empl. Sec.,* 26 Wn. App. 778, 781, 614 P.2d 231 (1980). Here, the Court of Appeals likewise applied the error of law standard. Contrary to the position taken by respondent, this standard is the proper one. Good cause as used in RCW 50.32.075 is a legal term. Whether it exists in an individual case depends on the facts of that case. The agency or the court, in turn, takes those facts and applies them to the term "good cause". Thus, the error of law standard applies and the reviewing court is entitled to exercise its "inherent and statutory authority to make a de novo review of the record independent of the agency's actions." *Devine,* at 781. This is not to say, however, that the court may reweigh the credibility of witnesses. *See Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 646 P.2d 113 (1982).[2]

In deciding whether good cause exists, the *Devine* court set out three criteria. These criteria were also used by the Department and the Court of Appeals. The criteria are (1) the shortness of the delay, (2) the absence of prejudice to the parties, and (3) the excusability of the error. Here, in both cases, the Department concedes that the delay was short and that no party was prejudiced by it. The cases are reduced, therefore, to a determination of whether the failure to file was excusable.

The petitioner and appellant argue that their cases are similar, if not identical, to *Devine.* In that case the employee had not seen the 10–day limitation. She filed the appeal 3 days late after consulting her union representa-

---

[2]Since the facts in this case are undisputed, the analysis in *Franklin Cy. Sheriff's Office v. Sellers, supra,* which prohibits reweighing the evidence, should not apply.

tives. Devine apparently called the union shortly after receiving the determination notice. She was then told that the business representative would call her. When the business representative called—the day the appeal was due—he told her to file it. Devine then promptly filed.

This case is unlike *Devine.* In *Devine,* the employee sought advice from an individual whose advice she could legally rely upon—her union representative—and it was his procrastination in returning her call which caused the delay. Here, neither petitioner nor appellant can point to an equivalent type of delay as a reason for not filing the appeal. Rasmussen alleged only that she generally sought information from fellow employees, not from someone who had some legal relationship to *her* employment. Bauer, on the other hand, appears at first glance to present a factual argument closer to that of *Devine.* After receiving his determination notice, Bauer consulted his union representative to determine whether he could have requested a transfer to a job which would not aggravate his allergies. He also contacted the Spokane County Personnel Department and the Unemployment Compensation Division of the Spokane County Engineers. These contacts, however, appear to have occurred after the 10–day period elapsed. All of these activities might have supported Bauer's argument had he done them in September of 1980, prior to quitting his job. He did not, however. He waited until he was denied unemployment benefits and then tried to use them as an excuse for the delay. In this context, they are insufficient to excuse that delay.

Petitioner and appellant also contend that they each believed the 10–day limit contained in their determination notice referred to 10 work days. In light of the ambiguity in the statute, they urge, an honest belief that the 10 days refers to working days should alone constitute good cause. Their argument assumes the statute is ambiguous. It is not. Nothing contained in the statute or the notice suggests the 10 days refers to working days. Absent an allegation that they were misled by Department personnel, we are unable

to find their good faith belief sufficient to establish good cause.

Petitioner and appellant next argue that RCW 50.32.075, which provides for waiver of the Department's appeal period for good cause, should be interpreted liberally to allow their appeals. They allege that the 10–day appeal period is too short and therefore requires flexibility in the determination of good cause for waiver. Their argument is more properly addressed to the Legislature. Judicial adoption of a liberal "good cause" requirement would effectively undercut the statute's 10–day limitation. Although we may agree that this period is relatively short, we cannot preempt the Legislature in the manner urged by petitioner and appellant.

█ Finally, we note the limited appellate review provided for in review of the Department's rulings prohibits the result urged by Rasmussen and Bauer. As noted above our task is limited to determining whether an error of law has been made. In reviewing these cases, the agency decision is given substantial weight. *Franklin Cy. Sheriff's Office v. Sellers, supra* at 325. Our review of the record reveals no reason to substitute our judgment for that of the agency. We therefore affirm.

WILLIAMS, C.J., and STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.