[No. 5647-0-II.   Division Two.   June 20, 1983.]

DARRELL P. CISKIE, *Appellant,* v. THE DEPARTMENT OF EMPLOYMENT SECURITY, *Respondent.*

*Craig Schauermann,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *John Sells, Assistant,* for respondent.

REED, J.—The Commissioner of the Department of Employment Security (Commissioner) determined that Darrell Ciskie lost his job due to work–related misconduct. This decision resulted in the denial of Ciskie's application for unemployment compensation. *See* RCW 50.20.060. The Superior Court affirmed, and Ciskie appealed. In doing so, he does not challenge the Commissioner's factual findings. Rather, he contends, as a matter of law, his behavior leading to his discharge was not "misconduct" within the context of RCW 50.20.060. We agree and reverse.

In October 1978, Darrell Ciskie was hired by the Portco Corporation in Vancouver to operate a forklift. Portco was satisfied with Ciskie's performance until June 1979, at which time he missed several days' work because of a felony arrest. Although he was not discharged, Ciskie was warned that no further absences would be tolerated.

Shortly thereafter, he missed 3 more days, the last absence resulting in his discharge. On the first occasion, Ciskie was excused from work to have a skin cancer removed. On another occasion, Ciskie left work after being advised that his wife's son had been injured in a motorcycle accident. Ciskie notified Mr. Bonge, his immediate supervisor, of the emergency but did not wait until he was cleared

to leave by Mr. Bonge's supervisor, Mr. Irving. Ciskie was warned when he returned that another unexcused absence would cost him his job.

Shortly after arriving at work on July 19, 1979, Ciskie received a telephone call from his brother–in–law in California advising him that his wife's father was missing. After calling his wife from work, Ciskie decided he would have to return home to help his wife through the crisis. Knowing that Mr. Irving was on vacation and that Mr. Bonge had not arrived at work, Ciskie asked a fellow employee to explain the emergency to Mr. Bonge when he arrived. On his way out, Ciskie checked the office parking lot for a car belonging to Chuck Gray, another supervisor Ciskie intended to contact if Gray was present. The car was not there; Ciskie left.

Portco requires employees to notify an appropriate supervisor prior to leaving the work site. A board with the home telephone numbers of Bonge and Irving was maintained in Ciskie's work area. Further, an office supervisor, Ms. Schulte, could have been contacted by Ciskie before he left. Consequently, upon his return in the afternoon, Ciskie was terminated.

Ciskie applied for unemployment compensation. When benefits were denied, Ciskie appealed the Commissioner's decision to Clark County Superior Court. The trial judge, applying the "clearly erroneous" standard of review, RCW 34.04.130(6)(e), upheld the Commissioner's decision.

■ The Commissioner urges us to follow the same standard of review utilized by the trial court. Ciskie disagrees; he contends the "error of law" standard, RCW 34.04-.130(6)(d), is more appropriate. We note that the facts found by the Commissioner are undisputed. Whether these facts constitute "misconduct" is properly reviewed as a question of law. *See Daily Herald Co. v. Department of Empl. Sec.*, 91 Wn.2d 559, 588 P.2d 1157 (1979). Accordingly, we must decide independently whether the undisputed facts concerning Ciskie's conduct constitute work–related misconduct. *See Rasmussen v. Department of*

*Empl. Sec.,* 98 Wn.2d 846, 658 P.2d 1240 (1983). We do so giving due deference to the interpretation given RCW 50.20.060 by the Commissioner. *See Hayes v. Yount,* 87 Wn.2d 280, 552 P.2d 1038 (1976).

The Legislature intended to provide unemployment benefits only to those who become unemployed through no fault of their own. RCW 50.01.010; *Durham v. Department of Empl. Sec.,* 31 Wn. App. 675, 644 P.2d 154 (1982). To effectuate this policy, RCW 50.20.060 provides:

> An individual shall be disqualified from benefits beginning with the first day of the calendar week in which he or she has been discharged or suspended for *misconduct* connected with his or her work . . .

(Italics ours.)

■ The parties agree that *Boynton Cab Co. v. Neubeck,* 237 Wis. 249, 259–60, 296 N.W. 636 (1941) sets forth the definition of "misconduct" in this context which has been adopted by this State's courts.

> the intended meaning of the term "misconduct," . . . is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good–faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.

*Durham v. Department of Empl. Sec., supra* at 678–79; *Willard v. Employment Sec. Dep't,* 10 Wn. App. 437, 444, 517 P.2d 973 (1974).

■ Here, the Commissioner concluded that Portco had established a reasonable policy with respect to notifying supervisors before leaving the work site, and that a reason-

able employee under the circumstances would have complied with that standard. We agree. Clearly, Portco was justified in terminating Ciskie's employment. We cannot agree, however, with the Commissioner's conclusion that it then follows that Ciskie's deviation from the standard of conduct set by Portco was "misconduct." Good cause for discharge is not to be equated with misconduct disentitling the worker to benefits. *See* 76 Am. Jur. 2d *Unemployment Compensation* § 53 (1975).

Not every deviation from the reasonable demands of an employer bars unemployment benefits. For example, ordinary negligence and good faith errors in judgment are not misconduct. *Boynton Cab Co. v. Neubeck, supra.* The deviation must be such as to evince a willful or wanton disregard of the employer's interest. *Willard v. Employment Sec. Dep't, supra* at 445.

Turning to the facts as found by the Commissioner we note there is no dispute concerning the validity of Ciskie's reason for leaving. In fact, a representative of Portco testified that Ciskie would have been permitted to leave had he properly notified a supervisor. The Commissioner acknowledged that Ciskie was faced with a "difficult situation." No doubt, Ciskie's deviation from the proper notification procedure reflected poor judgment or negligence. He did, however, attempt to comply with his employer's rule. These efforts were sufficient to dispel any inference that Ciskie's conduct was motivated by bad faith or that he simply did not care about the consequences of his actions. We note further that, although Portco's interests were adversely affected by Ciskie's conduct, this is not a situation where the deviation exposed the employer to the risk of immediate and substantial harm as where an employee leaves a dangerous instrumentality unattended or fails to complete a critical task. *See, e.g., Durham v. Department of Empl. Sec., supra.*

In sum, we have reviewed the administrative record bearing in mind that conduct which will support a discharge will not necessarily support the denial of unemploy-

ment compensation. Looking to all the facts and circumstances as found by the Commissioner, we conclude that Ciskie's deviation from the proper notification procedure was not sufficiently culpable to constitute a willful or wanton disregard of his employer's interests. Accordingly, the Superior Court's affirmance of the Commissioner's decision is reversed.

WORSWICK, A.C.J., and PETRIE, J., concur.