[No. 25496–1–I.   Division One.   May 20, 1991.]

CLIFFORD J. WELLS, *Respondent*, v. THE EMPLOYMENT SECURITY DEPARTMENT, *Appellant*.

---

[14]*State ex rel. Taylor v. Reay*, 61 Wn. App. 141, 810 P.2d 512 (1991).

*Kenneth O. Eikenberry, Attorney General,* and *Geoffrey Jones, Assistant,* for appellant.

*William B. Knowles,* for respondent.

AGID, J.—The Department of Employment Security (the Department) appeals the Superior Court's decision to reverse the Department's final administrative order. That order dismissed Clifford Wells' claim for unemployment benefits on the ground that he filed an untimely appeal. The issue presented is whether the Department erred in determining that Wells failed to establish "good cause" under RCW 50.32.075 to excuse the untimeliness of his appeal.

Clifford Wells was employed by Advanced Electronics Applications as an electronics customer service technician from November 15, 1986, until June 14, 1988.[1] On August 1, 1988, Wells submitted a claim to the Department for unemployment compensation. The Department mailed a determination notice to Wells on August 16, 1988, denying his claim for benefits. The notice stated that the determination would be final unless the claimant filed an appeal in person or had the appeal postmarked "on or before September 15, 1988." Wells filed his appeal in person on September 16, 1988, 1 day late.

On October 28, 1988, Wells, appearing pro se, presented his case at a hearing before an administrative law judge

---

[1]The parties dispute the question of whether Wells voluntarily quit or was discharged. That question is not at issue in this appeal.

(ALJ) of the Office of Administrative Hearings. The ALJ heard testimony both on the merits of Wells' appeal and on the issue of the appeal's untimeliness. Wells presented four reasons for filing a late appeal. First, he lost the determination notice and mistakenly thought he had a few more days in which to file an appeal. Second, he forgot there was an appeal deadline. Third, he was writing an appeal letter explaining why he terminated his employment and wanted the president of his former employer to review the letter to ensure that it did not violate any secrecy agreement. Wells explained that on September 16, he went to a Job Service Center to find out when his appeal notice was due and what form he needed to file. When the clerk told him that his appeal deadline was September 15, Wells immediately filed the appeal. He was therefore not able to finish his letter and show it to his former employer before filing the appeal.[2] Fourth, Wells stated that September 16 was the first day he had off from work to file the appeal in person. The Department presented no evidence that Wells had any previous experience with disallowed benefits or with administrative procedures.

The ALJ found that Wells failed to establish good cause for the untimely filing of his appeal and dismissed it. The decision did not address the merits of Wells' claim. Wells then filed a petition for review to the Department's Commissioner. The Commissioner affirmed the ALJ's decision to dismiss Wells' claim. Wells timely filed a petition for judicial review of the Commissioner's final administrative decision in superior court. The trial court, finding that Wells had established good cause for his untimely appeal, reversed the Commissioner's decision and remanded the

---

[2]The ALJ did not expressly find that the reason Wells never sent the letter to Wells' former employer was because he discovered the deadline had passed before he had an opportunity to send it. However, Wells' attorney offered this explanation at oral argument, the Department's counsel did not rebut it, and we find that it is supported by the record. Moreover, the explanation is not contradicted by any of the ALJ's express findings.

case to the Department for a decision on the merits of the claim. This appeal followed. We affirm the trial court.

### STANDARD OF REVIEW

Judicial review of the Department's decision is governed by the administrative procedure act, RCW 34.05 (APA). *Rasmussen v. Department of Empl. Sec.,* 98 Wn.2d 846, 849, 658 P.2d 1240 (1983); RCW 50.32.120. Under former RCW 34.04.130(6),[3] the scope of the court's review is defined as follows:

> The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
> (a) in violation of constitutional provisions; or
> (b) in excess of the statutory authority or jurisdiction of the agency; or
> (c) made upon unlawful procedure; or
> (d) affected by other error of law; or
> (e) clearly erroneous in view of the entire record as submitted and the public policy contained in the act of the legislature authorizing the decision or order; or
> (f) arbitrary or capricious.

We determine which of these standards of review applies by first evaluating whether the question presented is one of fact or law or a mixed question of fact and law. *Rasmussen,* 98 Wn.2d at 849. For questions of law and mixed questions of law and fact, the proper standard of review is "error of law". *Rasmussen,* 98 Wn.2d at 849–50; *Devine v. Department of Empl. Sec.,* 26 Wn. App. 778, 781, 614 P.2d 231 (1980). The question of whether a claimant has shown good cause for an untimely appeal is a mixed question of law and fact, and the error of law standard applies. *Rasmussen,* 98 Wn.2d at 850; *Devine,* 26 Wn. App. at 781.

Under the error of law standard, "the reviewing court is entitled to exercise its 'inherent and statutory

---

[3]This statutory provision has been superseded by RCW 34.05.570. However, the former provision is applicable to the present case.

authority to make a de novo review of the record independent of the agency's actions.'" *Rasmussen,* 98 Wn.2d at 850 (quoting *Devine,* 26 Wn. App. at 781). This is not to say, however, that we may judge the witness' credibility. *Rasmussen,* 98 Wn.2d at 850. Further, the Commissioner's decision must be deemed prima facie correct, and the burden of proof is on the claimant attacking that decision. RCW 50.32.150; *Safeco Ins. Cos. v. Meyering,* 102 Wn.2d 385, 391, 687 P.2d 195 (1984). This court's review is limited to the record of the administrative body; thus, we do not consider the findings and conclusions of the superior court. *Devine,* 26 Wn. App. at 781.

### THE "GOOD CAUSE" ANALYSIS

A claimant for unemployment benefits has the right to appeal the Department's unfavorable determination of his claim within 30 days of the notification or mailing date, whichever is earlier.[4] The Commissioner may, however, in his discretion, waive the 30–day time limitation for filing an administrative appeal "for good cause shown".[5]

■ The courts apply a 3–prong test in determining whether the claimant has established "good cause" for filing a late appeal. The criteria considered are: (1) the shortness of the delay; (2) the absence of prejudice to the parties; and (3) the excusability of the error. *Devine,* 26 Wn. App. at 781–82 (adopting the test articulated by the Supreme Court of California in *Gibson v. Unemployment Ins. Appeals Bd.,* 9 Cal. 3d 494, 509 P.2d 945, 108 Cal. Rptr. 1 (1973)); *Rasmussen,* 98 Wn.2d at 850.

■ In cases where the ALJ has taken testimony on the merits of the claimant's appeal and on the issue of the appeal's untimeliness in the same proceeding, there is no prejudice to the Department from the late filing of the notice. *Scully v. Department of Empl. Sec.,* 42 Wn. App. 596, 602, 712 P.2d 870 (1986). Because the ALJ in this case

---

[4] RCW 50.32.020.

[5] RCW 50.32.075.

heard testimony on the merits of Wells' claim for unemployment benefits, the Department concedes, as it must, that it is not prejudiced by the 1–day delay. The Department further concedes that Wells' 1–day delay is short.

However, the Department argues that the shortness of the delay is immaterial here because it interprets a legislative change in the length of the statutory appeal period as virtually eliminating that factor from the good cause analysis. In 1987, the Legislature amended the relevant statutory appeal provision, RCW 50.32.020, extending the 10–day limitation period to 30 days. The Department argues that by extending the 10–day limitation to 30 days, the Legislature "effectively diminished the importance" of the shortness of delay criterion in good cause determinations.

■■ We disagree with the Department's analysis of the effect of the amendment. Had the Legislature intended to eliminate the shortness of delay criterion, it could have done so directly by amending the "good cause" provision, RCW 50.32.075, when it lengthened the statutory appeal period to 30 days. However, the Legislature did not do so. The Legislature is presumed to be aware of judicial interpretations of statutes. *El Coba Co. Dormitories, Inc. v. Franklin Cy. PUD*, 82 Wn.2d 858, 862, 514 P.2d 524 (1973); *Aspelund v. Olerich*, 56 Wn. App. 477, 481, 784 P.2d 179 (1990). Its failure to amend the statute so as to eliminate the shortness of delay factor is evidence of its acquiescence in prior judicial interpretations of the "good cause" provision. *State ex rel. Chealander v. Morgan*, 131 Wash. 145, 151, 229 P. 309 (1924); *see also Aspelund*, 56 Wn. App. at 481. Additionally, the Department fails to cite any language in the legislative history of the amendment supporting its view that the Legislature intended to eliminate the shortness of the delay factor. Thus, we find the Department's argument on this point unpersuasive.

The Department also argues that this court should apply the "excusability of the error" factor differently in this case than Washington courts have applied it in the past. Apparently interpreting *Devine* and *Rasmussen* as standing for

the proposition that a claimant's excuse for delay must be caused by factors "external" to the claimant and therefore beyond his or her control, the Department contends that Wells' delay was inexcusable because his reasons for filing late were within his control. Neither *Devine* nor *Rasmussen* stands for such a proposition, and the Department fails to advance any other support for this argument.

In *Devine*, the court found that the claimant's 1–day delay in filing her appeal was excusable because she had contacted her union shop steward for information concerning the appeal, and the union's business representative failed to advise the claimant in a timely manner. 26 Wn. App. at 782. The Department contended that the claimant's error was nevertheless inexcusable because she had read only the substantive portion of the determination notice and had failed to apprise herself of the time limitation for appeal stated in the notice. The court dismissed that contention and focused on language from the preamble to the unemployment compensation act, RCW 50.01.010, which states that "'[t]he legislature . . . declares . . . that this title shall be liberally construed for the purpose of reducing involuntary unemployment and the suffering caused thereby to the minimum.'" *Devine*, 26 Wn. App. at 782 (quoting RCW 50.01.010). While Devine's delay was arguably due to circumstances beyond her control, the court nowhere indicated in its opinion that this was the pivotal factor in, or a prerequisite to, establishing excusable delay.[6]

The Department's interpretation of the governing law, which writes the shortness of the delay factor out of the

---

[6]Nor does *Rasmussen* compel a different result. The *Rasmussen* court simply held that the claimant's 3–day delay in filing an appeal was inexcusable because she was not entitled to legally rely on people from whom she had waited to obtain advice concerning her appeal. *Rasmussen*, 98 Wn.2d at 851. While Wells was perhaps entitled to legally rely upon his former employer's advice respecting any violation of a secrecy agreement, we need not address that issue because, as discussed later in this opinion, Wells' other reasons for his delay are sufficient to establish "good cause" under RCW 50.32.075.

test and posits that an external circumstance must necessarily have caused the claimant's delay, requires the conclusion that the Department applied the wrong legal standard. The proper standard is still the 3–prong test set forth in *Devine*. This test requires a fact–specific determination in each case. The evaluation of the three factors in the good cause analysis is based on a sliding scale in which a short delay requires a less compelling reason for the failure to timely file than does a longer delay.[7]

Applying this sliding scale to the facts of the present case, we find that Wells showed good cause to excuse his delay. As is noted above, Wells filed only 1 day late, and the Department concedes that it was not prejudiced by the delay. Because the delay was so short and prejudice is lacking, Wells' excuse need not be as compelling as it would have to be if the delay were longer or the Department were prejudiced. To justify his delay, Wells testified that he lost his determination notice and thought he had a few more days in which to file.[8] Wells also explained that he held up filing his appeal to permit his former employer to determine whether his appeal letter contained disclosures which violated any secrecy agreement. He did not send the letter to his employer prior to the expiration of the appeal period

---

[7]*See Gibson v. Unemployment Ins. Appeals Bd.*, 9 Cal. 3d 494, 509 P.2d 945, 108 Cal. Rptr. 1 (1973) (claimant showed good cause for filing appeal 3 days late due to attorney's mistake in calendaring when delay was short, no prejudice was caused thereby and the unemployment statute was intended to be liberally construed); *Flores v. Unemployment Ins. Appeals Bd.*, 30 Cal. App. 3d 681, 684, 106 Cal. Rptr. 543, 546 (1973) (appeal filed by claimant's attorney 1 business day late because of secretarial backlog was excusable where "no purpose [of unemployment compensation statute] is served by imposing forfeiture where the delay is minimal and there is no prejudice to others").

[8]He also testified, however, that he forgot there was an appeal deadline. We recognize that these reasons are inherently contradictory. However, the ALJ did not include the latter reason in his findings of fact. This court must take the findings in the record as verities and may not reweigh the credibility of evidence upon which those findings are based. *Rasmussen*, 98 Wn.2d at 850; *Franklin Cy. Sheriff's Office v. Sellers*, 97 Wn.2d 317, 330, 646 P.2d 113 (1982), *cert. denied*, 459 U.S. 1106 (1983).

because he discovered the deadline had passed before he had an opportunity to send it. These reasons are adequate in view of the short delay and absence of prejudice.

Other factors militate in favor of allowing the appeal to proceed on the merits. Nothing in the record indicates that Wells had any prior experience with unemployment procedures or appeals. He was required to determine the advisability and method of filing an appeal without the assistance of counsel. Moreover, as the *Devine* court noted, of paramount concern here is the Legislature's intent "that this title [RCW Title 50] shall be liberally construed for the purpose of reducing involuntary unemployment and the suffering caused thereby to the minimum." RCW 50.01.010.

In light of this mandate to liberally construe the statute in favor of unemployed workers, we are unwilling to conclude that the Legislature intended to deprive the unsophisticated applicant of the opportunity to have his benefits claim heard on the merits based on a 1–day delay which occasioned no prejudice. As the United States Supreme Court has said, "technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." *Love v. Pullman Co.*, 404 U.S. 522, 527, 30 L. Ed. 2d 679, 92 S. Ct. 616 (1972). Therefore, we hold that the Department erred in interpreting the legal standard for "good cause" determinations, and that Wells has shown good cause to excuse his untimely appeal.

The judgment is affirmed. Wells' request for attorney fees and costs under RCW 50.32.160 is granted provided that Wells complies with RAP 18.1(d).

COLEMAN and KENNEDY, JJ., concur.