[No. 15041-1-III.    Division Three.    March 27, 1997.]
MIKE HANRATTY, *Appellant*, v. THE EMPLOYMENT
SECURITY DEPARTMENT, *Respondent*.

*Kevan T. Montoya, Robert E. Lawrence-Berrey, Jr.,* and *Peters & Fowler, Inc., P.S.,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Philip M. Ferester, Assistant,* for respondent.

SWEENEY, C.J. — ■ The 30-day time limit to appeal a decision of the Employment Security Department appeal tribunal may be waived for good cause. RCW 50.32.070, .075. Noel Foods filed this appeal nine months after the administrative law judge's decision was entered. The dispositive issue here is whether its delay is excusable for good cause. We hold it is not and reverse.

## FACTS

Mike Hanratty was employed by Noel Foods as a full-time night crewman. He was terminated from his position on January 19, 1993. An administrative law judge (ALJ) determined that he was entitled to receive unemployment

benefits. Employers Unity, Inc., represented Noel Foods at the hearing. On March 18, 1993, a copy of the ALJ's decision was mailed to Mr. Hanratty and Noel Foods. The ALJ did not mail one to Employers Unity.

During a routine review of its files in November 1993, Employers Unity discovered that no appeal had been filed on Noel Foods' behalf. It filed a notice of appeal on January 4, 1994.

The Employment Security Department's Commissioner's Delegate found that good cause existed for the delay:

> [B]ecause the petitioner's representative, who would ordinarily file the petition for review on behalf of the employer, did not receive a copy of the decision of the Office of Administrative Hearings until at least late November 1993, we must measure the delay in the filing of the petition for review from the date of receipt. On this basis the delay was not lengthy. Consequently, we will consider the petition for review as late filed but for reasons constituting good cause pursuant to RCW 50.32.075.

The commissioner's delegate found misconduct and disqualified Mr. Hanratty from receiving benefits. Mr. Hanratty appealed. The superior court affirmed. This appeal follows.

## DISCUSSION

■■ The determination of whether good cause exists to excuse an untimely appeal is a mixed question of law and fact. *Rasmussen v. Department of Employment Sec.*, 98 Wn.2d 846, 850, 658 P.2d 1240 (1983) (whether "good cause" exists depends on the facts of the case). Once the facts of the delay are established, our review is de novo. *Id.* We consider: (1) the length of the delay, (2) the prejudice to the parties, and (3) the excusability of the error. *Id.*

The court in *Devine v. Department of Employment Sec.*, 26 Wn. App. 778, 614 P.2d 231 (1980) concluded that the claimant had shown good cause for an untimely appeal. There, the claimant contacted her union representative

the day she received the decision. The union representative told her that he would contact her about filing an appeal. As a result of *his* delay, the claimant filed an appeal one day late. Division One determined that the claimant acted reasonably in consulting her union representative. The delay was not therefore excessive. The department failed to show prejudice. *Id.* at 782 (noting that the unemployment compensation act is to be liberally construed).

In the consolidated case of *Rasmussen*, claimant Rasmussen filed her notice of appeal 13 days late. Claimant Bauer filed his eight days late. Ms. Rasmussen's reason for the untimely filing was that she wanted to talk to other people who had been denied benefits about how to write the appeal. Mr. Bauer testified that he was in the process of investigating his rights and believed he had 10 working days to appeal. Both appeals were dismissed as untimely. The Supreme Court affirmed, holding that the reasons given were insufficient to excuse the delay. *Rasmussen*, 98 Wn.2d at 851-52.

In *Scully v. Department of Employment Sec.*, 42 Wn. App. 596, 712 P.2d 870 (1986), the Employment Security Department sent the claimant two envelopes. One indicated his application for benefits was denied. The other contained a benefits check. The claimant took no action, believing that the notice denying benefits was sent in error. Several weeks later, he realized the *payment* was made in error. He filed an appeal the next day. In all, 17 days elapsed between the date of the determination notice and the filing of the appeal. In considering the length of the delay, the court noted:

> It should be intuitively obvious that the length of delay tolerable will be inextricably intertwined with the excusability of error. One's right to appeal should not be denied because of the length of delay if the individual was unaware of the need to file the appeal. The delay, therefore, should be considered in light of the excusability of the error.

*Id.* at 603. The court measured the length of the delay

from the date the claimant became aware of the need to appeal. *Id.* at 604. The court observed that the claimant was sent misleading notices and filed a notice of appeal the next working day after becoming aware of the error. *Id.* Thus, it concluded good cause existed.

More recently, in *Wells v. Employment Sec. Dep't*, 61 Wn. App. 306, 809 P.2d 1386 (1991), the claimant filed his appeal one day late. He offered four reasons: (1) he lost the determination notice; (2) he forgot there was an appeal deadline; (3) he wanted the president of his former employer to review the letter to ensure it did not violate any secrecy agreement; and (4) he filed the appeal in person on the first day he had off from work. Applying a "sliding scale," Division One held that a short delay required a less compelling reason than did a longer one. *Id.* at 314. The court concluded that the claimant had shown good cause. The department conceded it was not prejudiced by the delay.

■■ In contrast to a delay of 1, 8, 13 or even 17 days, the delay here was almost 9 months. Noel Foods received notice of the ALJ's decision in March 1993. Its failure to contact its own representative to ensure a timely appeal is not excusable error. Even if we measure the delay in filing from late November 1993 (when Employers Unity became aware the appeal had not been filed) until January 4, 1994, six weeks is too lengthy a delay absent a compelling reason. Noel Foods offers none. And Mr. Hanratty would be prejudiced if he were forced to repay benefits he legitimately believed he was entitled to receive.

The commissioner's delegate erred in finding good cause existed for the delay. In light of our holding, we do not address whether Mr. Hanratty was terminated for misconduct. We therefore reverse. Mr. Hanratty is entitled to an award of reasonable attorney fees on appeal under RCW 50.32.160.

KURTZ and BROWN, JJ., concur.