# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| AARIN MORRIS, | ) | NO. 67865-5-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON | ) | UNPUBLISHED OPINION |
| DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY, | ) | FILED: July 8, 2013 |
| | ) | |
| Respondent. | ) | |

LAU, J. — When an unemployment benefit claimant demonstrates "good cause," the Washington State Employment Security Department commissioner may waive the statutory deadline to appeal the Department's overpayment determination. Because Aarin Morris failed to demonstrate good cause for her untimely appeal of the Department's overpayment determination and because she waived her remaining Washington Administrative Procedure Act, chapter 34.05 RCW, and due process challenges by failing to raise them at the administrative level, we affirm the commissioner's decision upholding the dismissal of Morris's late appeal.

## FACTS

Aarin Morris began receiving unemployment compensation benefits in July 2009. On March 27, 2010, the Department issued an "advice of rights" notice stating, "Our

records show we may have paid you too much in unemployment benefits." Certified Appeal Board Record (CABR) at 46. Although the Department mailed the notice to Morris's address of record, which was also her last known address, the postal service returned the notice for reasons not specified in the record.

On April 7, 2010, the Department issued a determination notice containing the results of its overpayment investigation. The Department advised Morris that she was not an "unemployed individual" as defined by the Employment Security Act, Title 50 RCW, and that she was no longer qualified to receive benefits because she fraudulently misrepresented earnings on her weekly benefit claims. The Department ordered Morris to repay $6,373 in overpaid benefits. It advised Morris that she had 30 days—until May 7, 2010—to appeal the overpayment determination by fax or mail.

The Department mailed the determination notice to Morris at her address of record, which was still her last known address.[1] For reasons not made clear by the record, Morris failed to receive the notice. The postal service returned the notice on an unspecified date, advising it was unable to forward the notice to Morris.

Morris first learned of the overpayment determination on July 16, 2010—more than two months after the appeal deadline—when she received a past due notice from the Department's collections unit. On July 19, 2010, Morris spoke with a representative of the Department's fraud investigations unit. The representative told Morris that the

---

[1] Morris confirmed in her written appeal to the Department's office of administrative hearings that "(. . . the address you [the Department] had on record was current and I regularly received other mail without issue) . . . ." CABR at 55-56. At her administrative hearing, the administrative law judge stated, "This [the determination notice] was mailed to you at apartment LOWR 1791 110th Avenue Northeast, Shoreline, Washington 98155." CABR at 22-23. The ALJ asked Morris, "Was that your correct and current mailing address on April the 7th, 2010?" CABR at 23. Morris responded, "It was." CABR at 23.

Department would mail her copies of the original advice of rights and determination notices. The representative advised Morris to review the notices and to file a late appeal of the overpayment determination.

Morris received these notices on July 20, 2010. A Department representative wrote "Late Appeal" at the top of the determination notice. Morris repeatedly phoned the Department to inquire about the appeal process. When contacted, Department representatives advised Morris to file a late appeal. When Morris called on July 21, 2010, the representative advised her to appeal "as soon as you can." CABR at 188.

Morris filed her late appeal on September 7, 2010, approximately one and a half months after receiving the reissued determination notice and exactly four months after her statutory appeal deadline passed. An administrative law judge (ALJ) dismissed the appeal as untimely, finding no good cause to waive the statutory appeal deadline. The ALJ found that the Department's original determination notice "was sent to the claimant at her correct address of record." CABR at 173.

The commissioner affirmed the ALJ's dismissal order in a decision dated December 30, 2010.[2] The commissioner incorporated the findings of fact adopted by the ALJ and made additional findings. Morris does not challenge any of the findings and acknowledges that all findings are verities on appeal.[3]

The commissioner found that Morris received the determination notice on July 20, 2010, but "did not file her appeal until September 7, 2010, a month and one half

---

[2] The commissioner's decision was signed by the commissioner's delegate, review judge Paul R. Licker.

[3] See Tapper v. Emp't Sec. Dep't, 122 Wn.2d 397, 407, 858 P.2d 494 (1993) (unchallenged findings are verities on appeal); Smith v. Emp't Sec. Dep't, 155 Wn. App. 24, 33, 226 P.3d 263 (2010) (same).

after she received the Determination Notice." CABR at 194. The commissioner

concluded, "The reasons put forth by the claimant for the substantial delay in the filing of

her appeal are not so compelling as to excuse the delay of a month and one half. The

Order of Dismissal – Untimely Appeal shall stand." CABR at 194.

Morris petitioned for review by the superior court. The superior court affirmed the

commissioner's decision. Morris then appealed the decision to this court.[4]

### ANALYSIS

"The Washington Administrative Procedure Act . . . governs judicial review of a

final decision of the Commissioner of the [Department]." Verizon Nw., Inc. v. Wash.

Emp't Sec. Dep't, 164 Wn.2d 909, 915, 194 P.3d 255 (2008). We sit in the same

position as the superior court, applying Washington Administrative Procedure Act (APA)

standards directly to the administrative record. Verizon, 16 Wn.2d at 915. We review

the decision of the commissioner, not the decision of the ALJ. Verizon, 164 Wn.2d at

915. We do not defer to the superior court's ruling. Verizon, 164 Wn.2d at 915.

"The burden of demonstrating the invalidity of agency action is on the party

asserting invalidity." RCW 34.05.570(1)(a). We will reverse the commissioner's

decision if, among other things, it is based on an error of law, if substantial evidence

does not support the decision, or if the decision is arbitrary or capricious. RCW

34.05.570(3)(d), (e), (i). We will also reverse the decision if we determine that "[t]he

agency has engaged in unlawful procedure or decision-making process, or has failed to

follow a prescribed procedure." RCW 34.05.570(3)(c). In all cases, we will grant relief

---

[4] Morris concedes that her opening brief does not comply with RAP 10.3(a)(4) and (h) because it contains no formal assignments of error. We exercise our discretion to address the merits of this case. RAP 1.2(a) and (c).

only if we determine that "a person seeking judicial relief has been substantially prejudiced by the action complained of." RCW 34.05.570(1)(d).

Good Cause

The commissioner concluded that Morris lacked good cause to file her late appeal. The Employment Security Act provides 30 days to appeal an overpayment determination. RCW 50.32.020. The 30-day period commences on the date the Department notifies the claimant of its overpayment determination or mails the determination notice to the claimant's last known address, whichever is earlier. RCW 50.32.020. If the claimant misses the deadline, the commissioner has statutory authority to waive the deadline for "good cause shown." RCW 50.32.075.

On appeal, we review the commissioner's good cause decision as a mixed question of law and fact. Hanratty v. Emp't Sec. Dep't, 85 Wn. App. 503, 505, 933 P.2d 428, 945 P.2d 726 (1997). Once we establish the facts underlying delay, our review is de novo. Hanratty, 85 Wn. App. at 505. Giving substantial weight to the agency decision, we consider: (1) the length of the delay, (2) the excusability of the delay, and (3) whether acceptance of the late appeal will prejudice "other interested parties, including the department." WAC 192-04-090; see also Rasmussen v. Emp't Sec. Dep't, 98 Wn.2d 846, 852, 658 P.2d 1240 (1983); Wells v. Emp't Sec. Dep't, 61 Wn. App. 306, 311, 809 P.2d 1386 (1991). We employ a sliding scale approach under which a short delay requires a less compelling justification than does a longer delay. Hanratty, 85 Wn. App. at 507. We deem the commissioner's decision prima facie correct and place the burden on the claimant to demonstrate otherwise. Wells, 61 Wn. App. at 311.

We question whether Morris adequately briefed her challenge to the commissioner's good cause decision.[5] See Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011) ("We will not consider an inadequately briefed argument."). Nonetheless, we hold the commissioner did not err.

The prejudice factor weighs against Morris. In Wells, this court held, "In cases where the ALJ has taken testimony on the merits of the claimant's appeal and on the issue of the appeal's untimeliness in the same proceeding, there is no prejudice to the Department from the late filing of the notice." Wells, 61 Wn. App. at 311-12. Here, the ALJ took no testimony on the merits of Morris's late appeal. Remand for a hearing on the merits prejudices the Department because witnesses' memories fade and key witnesses may be unavailable.

We next consider the length of the delay. The commissioner properly measured the length of the delay from the date Morris first learned about the overpayment determination. See Scully v. Emp't Sec. Dep't, 42 Wn. App. 596, 603, 712 P.2d 870 (1986) ("One's right to appeal should not be denied because of the length of delay if the individual was unaware of the need to file the appeal."). The commissioner's unchallenged finding that Morris delayed for "a month and one half" before filing her late appeal is a verity on appeal.[6] CABR at 194; see Tapper, 122 Wn.2d at 407.

---

[5] Morris's opening brief devotes a single paragraph to this issue. See Br. of Appellant at 26. She fails to cite the relevant statute (RCW 50.32.075) and never discusses the three-factor "good cause" test outlined in WAC 192-04-090. We also question whether Morris has abandoned this issue on appeal. At oral argument, Morris's attorney stated, "This is a due process case." Wash. Court of Appeals oral argument (May 30, 2013), at 0 hr., 43 min., 6 sec. The attorney made no arguments regarding "good cause."

[6] Morris does not argue that the record contains insufficient proof of mailing.

We consider Morris's one and a half month delay "in light of the excusability of the error." Scully, 42 Wn. App. at 603. Morris argues the commissioner should have excused her delay because the reissued determination notice was "totally confusing." Br. of Appellant at 24. She claims the notice was confusing because it did not clearly indicate the deadline to file a late appeal. She also claims the Department refused to "apprise her of the date that the agency considered to be deadline for the filing of the appeal." Br. of Appellant at 25.

Under the circumstances, Morris's claims do not excuse her one and a half month delay. After receiving the reissued determination notice, Morris called the Department at least four times to inquire about the appeals process. She placed calls on July 21, August 4, August 9, and August 23, 2010. CABR at 173. When contacted, Department representatives instructed Morris to file a late appeal. When Morris called the Department on July 21, 2010, a Department representative specifically instructed her to file a late appeal "as soon as you can." CABR at 188. Thus, as early as July 21, 2010, Morris knew that she needed to file a late appeal as soon as possible. Given this knowledge, her considerable delay was inexcusable.[7]

Morris's knowledge regarding the urgency of her appeal distinguishes this case from Scully. In Scully, this court reversed the dismissal of an appeal involving a 17-day delay. We remanded on the ground that the claimant received misleading communications and filed his appeal one working day after becoming "aware of the

---

[7] In her petition for review of the ALJ's decision, Morris argued that she delayed filing her appeal because she needed more time to gather evidence. She appears to have abandoned this argument on appeal. To the extent the argument survives, we decline to review it because it is inadequately briefed. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

-7-

need to appeal." Scully, 42 Wn. App. at 604. Unlike the claimant in Scully, Morris failed to act diligently after learning about the need to appeal. Instead, she filed her appeal one and a half months after the Department advised her to appeal as soon as possible.

In Devine v. Emp't Sec. Dep't, 26 Wn. App. 778, 614 P.2d 231 (1980), we excused a one-day delay. We concluded that the delay was "not excessive" and that "no prejudice to either party has been shown or asserted . . . ." Devine, 26 Wn. App. at 782. Regarding excusability, we concluded that the claimant reasonably delayed while waiting for advice from her union's business representative. Devine, 26 Wn. App. at 782. Unlike the claimant in Devine, Morris does not attribute her delay to a third party's actions. Devine is inapposite.

This case is also unlike Wells, which involved a "short" one-day delay. Wells, 61 Wn. App. at 312. We excused the delay, giving weight to the Department's concession that it suffered no prejudice. Wells, 61 Wn. App. at 314. We also concluded that the claimant had a persuasive excuse: "[H]e held up filing his appeal to permit his former employer to determine whether his appeal letter contained disclosures which violated any secrecy agreement." Wells, 61 Wn. App. at 314. Finally, we noted that the claimant lacked prior experience with unemployment procedures and administrative appeals. Wells, 61 Wn. App. at 315. Unlike the claimant in Wells, Morris had prior experience with the Department's appeals process. In April 2010, Morris appealed an unrelated determination notice and ultimately prevailed. CABR at 101, 174.

Considering prejudice, the length of the delay, and the absence of a compelling excuse, coupled with our presumption in favor of the commissioner's decision, we hold that no error of law occurred when the commissioner upheld the ALJ's dismissal order.

Failure to Follow Prescribed Procedures

Morris next contends the Department failed to follow prescribed procedures when it failed to provide actual notice of her right to request a predetermination fact-finding interview.[8] We decline to address this argument because the record shows Morris failed to raise it at the administrative level.

With certain exceptions not applicable here, the APA prohibits appellate review of issues "not raised before the agency . . . ." RCW 34.05.554(1).[9] "In order for an issue to be properly raised before an administrative agency, there must be more than simply a hint or a slight reference to the issue in the record." Citizens for Mount Vernon v. City of Mount Vernon, 133 Wn.2d 861, 869, 947 P.2d 1208 (1997); see, e.g., Edelman v. State, 160 Wn. App. 294, 310, 248 P.3d 581 (2011) (declining to review a statutory issue where the appellant failed to mention the relevant statutes to the ALJ or the reviewing officer); ZDI Gaming, Inc. v. State ex rel. Wash. State Gambling Comm'n, 151 Wn. App. 788, 811, 214 P.3d 938 (2009) (declining to review an issue involving a regulatory definition where the appellant failed to seek declaratory relief from the agency and

---

[8] Under the APA, we may grant relief from an agency order if we determine that "[t]he agency has engaged in unlawful procedure or decision-making process, or has failed to follow a prescribed procedure." RCW 34.05.570(3)(c).

[9] Under RCW 34.05.554(1), we may review an issue raised for the first time on appeal if, among other things, (1) the party raising the issue "did not know and was under no duty to discover or could not have reasonably discovered facts giving rise to the issue," (2) "[t]he agency action subject to judicial review is an order and the person was not notified of the adjudicative proceeding in substantial compliance with this chapter," or (3) "[t]he interests of justice would be served by resolution of an issue arising from: (i) A change in controlling law occurring after the agency action; or (ii) Agency action occurring after the person exhausted the last feasible opportunity for seeking relief from the agency."

neither the ALJ nor the agency commissioner considered the issue or discussed it in their respective orders).

"This [waiver] rule is more than simply a technical rule of appellate procedure; instead, it serves an important policy purpose in protecting the integrity of administrative decisionmaking." King County v. Wash. State Boundary Review Bd. for King County, 122 Wn.2d 648, 668, 860 P.2d 1024 (1993). Policies furthered by the rule include:

> "(1) discouraging the frequent and deliberate flouting of administrative processes; (2) protecting agency autonomy by allowing an agency the first opportunity to apply its expertise, exercise its discretion, and correct its errors; (3) aiding judicial review by promoting the development of facts during the administrative proceeding; and (4) promoting judicial economy by reducing duplication, and perhaps even obviating judicial involvement."

King County, 122 Wn.2d at 669 (quoting Fertilizer Inst. v. United States Envtl. Prot. Agency, 935 F.2d 1303, 1312-13 (D.C. Cir. 1991)).

Morris fails to show that the administrative record contains "more than simply a hint or a slight reference" to the issue of her purported right to a predetermination interview. Mount Vernon, 133 Wn.2d at 869. Neither the ALJ nor the commissioner mentioned the issue in their decisions. And the administrative record contains no reference to WAC 192-220-010, the regulation addressing the issuance of advice of rights notices.

Morris also makes no argument that an RCW 34.05.554(1) waiver exception applies. She merely urges us, without citation to authority, to "exercise [our] discretion to address the issue . . . ." Reply Br. of Appellant at 4. We decline to address this contention as it lacks adequate analysis and citation to authority.

### Procedural Due Process

Morris also claims procedural due process violations. She contends that the Department deprived her of due process when it failed to provide a precise appeal deadline and offer a predetermination fact-finding interview. We decline to review these claims because Morris failed to adequately raise them at the administrative level. RCW 34.05.554(1); Mount Vernon, 133 Wn.2d at 869. The administrative record contains bare references to due process and lacks legal analysis and citation to authority.

For the first time in her reply brief, Morris argues that we should exercise our discretion to review her due process claims under RAP 2.5(a)(3)'s exception for manifest errors affecting a constitutional right. We decline to consider this argument. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (court may disregard issues raised and argued for the first time in a reply brief). To address issues raised for the first time in a reply brief is fundamentally unfair to the respondent and inconsistent with the rules on appeal. RAP 10.3(c); State v. Hudson, 124 Wn.2d 107, 120, 874 P.2d 160 (1994).

We affirm the Department commissioner's decision.

WE CONCUR: